(41 Misc. Rep. 357.)

### RAQUETTE FALLS LAND CO. v. INTERNATIONAL PAPER CO.

(Supreme Court, Trial Term, Herkimer County.   September, 1903.)

1. TAX SALE—PURCHASE BY STATE—TITLE ACQUIRED.
     Land sold by the comptroller for taxes and bid in for the people belongs at the expiration of the two years allowed for redemption to the people as equitable owners, which land the comptroller may thereafter convey.

2. SAME.
     Where land is sold by the comptroller for taxes and bid in for the people, their title is not devested by a county treasurer's sale for taxes levied subsequent to those for which the comptroller sold.

3. SAME—PATENTEE FROM STATE—SALE FOR TAXES.
     Where lands sold by the comptroller for taxes are bid in for the people, a patentee of the state may hold the land as against a grantee of a county treasurer under a sale by such treasurer for taxes levied after those for which the comptroller sold, though the treasurer's deed antedated the patent.

4. SAME—VALIDITY.
     A sale for taxes and a deed thereunder are void where the town assessors failed to make and attach the statutory oath or affidavit to the town assessment roll for the year for which the land was sold.

Action by the Raquette Falls Land Company against the International Paper Company in ejectment.   Judgment for plaintiff.

Plaintiff's title is founded upon a patent from the state, which acquired title under the comptroller's tax sale of 1848 for taxes of 1844, the deed to the state being delivered in 1855.   The defendant's title is based upon a county treasurer's tax sale of 1852 for taxes of 1849, subsequent to sale to the state, and county treasurer's deed given in 1854.   Also upon a comptroller's deed from the tax sale of 1900 for taxes of 1898.   The latter deed was attacked as illegal and void upon the ground that the assessors failed to make and attach the oath prescribed by statute to the assessment roll of the lands set forth in the action.

Griffin & Ostrander, for plaintiff.
G. S. & H. L. Hooker, for defendant.

ANDREWS, J.   Upon the facts in this case the plaintiff is entitled to judgment for the relief demanded in the complaint, with costs. In the year 1848 the land in controversy was sold for taxes assessed for the year 1844, and was bid in by the comptroller on behalf of the people of the state of New York.   At the expiration of the two years allowed for redemption they became the equitable owners of this land, although the title in them was not perfected until a deed was given by the comptroller in 1855.   In 1852 the same land was again sold, for taxes assessed for the year 1845, to one Small.   This sale was wholly without authority.   The people being already the equitable owner of the property by reason of the tax sale of 1848, their title could not be divested by any subsequent sale under the pretense of enforcing the payment of taxes levied subsequently to those which form the basis of the people's title.   Wells v. Johnston, 55 App. Div. 484, 67 N. Y. Supp. 112; Id., 171 N. Y. 324, 63 N. E. 1095.   Consequently, the deed of the county treasurer and the county judge of Herkimer county given to Small in 1854 was given without any authority whatever, and transferred to Small no title or interest in the land.   This legal proposition is recognized in the tax deed itself,

which is made "subject to all claims which the people of the state have therein." Chapter 298, p. 641, of the Laws of 1850, the authority under which this deed purports to be given, also recognizes this rule, for section 81 provides that such deeds shall vest in the grantee an estate in fee simple, subject, however, to all the claims which the people of this state may have thereon for taxes or other liens or incumbrances.

As the title of the people of the state was not lost by the proceedings under the 1852 tax sale, they had the right to transfer them by patent. Such a patent was given in 1855 to the Sacket Harbor & Saratoga Railroad Company, and by this patent title to the land passed to the patentee, unless the particular land in controversy was excepted from the grant by reason of a clause contained therein. By this clause the people excepted "such part or parts of the above-described premises as have been sold for taxes by the proper officers, and which have not been or shall not be redeemed within the time limited for that purpose by law, and the title to which shall not have been subsequently acquired by us." For several reasons this clause does not serve to nullify the grant of the land in question otherwise made by this patent. One is that the sale for taxes referred to means a legal sale made by the proper officers in the proper manner, and not a void proceeding such as was the tax sale of 1852. The plaintiff in this action claims title through the patent from the people to the Sacket Harbor & Saratoga Railroad Company; the defendant through the tax deed to Small. The defendant also claims title under a tax sale in 1900 and a deed from the comptroller to it based on this tax sale and made in 1902. This sale and deed, however, are void because of the failure of the assessors of the town of Webb to make the oath or affidavit required by statute to the assessment roll of such town for the year 1898, it being for the taxes of that year that the premises were sold on the 1900 sale. Proper findings may be prepared, and, if not agreed upon, will be settled upon due notice.

Judgment for plaintiff, with costs.