### NEALE v. WALTER.

(Supreme Court, Appellate Division, Second Department.   November 20, 1908.)

QUIETING TITLE (§ 35*)—ADVERSE CLAIMS—POSSESSION OF PLAINTIFF—CONSTRUCTIVE POSSESSION—COMPLAINT—SUFFICIENCY.

Under Code Civ. Proc. § 1638, giving one who has for one year been in possession of real estate a right of action to determine adverse claims, and section 1639, providing that the complaint must set forth facts showing such possession, a complaint alleging that plaintiff is and for more than one year has been seized and possessed of the land and that the land is vacant and unoccupied, is good; constructive possession sufficing.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 74; Dec. Dig. § 35.*]

Appeal from Special Term, Kings County.

Action by Isabella Neale against John Walter. From an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Frederick W. Block, for appellant.

Max Schleimer, for respondent.

GAYNOR, J. This is an action under sections 1638 and 1639 of the Code of Civil Procedure to determine an adverse claim to real estate. The complaint was dismissed at the trial for not stating facts sufficient, in that there is no allegation that the plaintiff has been in possession of the land for one year. The allegation is that the plaintiff is and has been for more than one year "seized and possessed" of the land; but this is followed by an allegation that the land is "vacant and not actually occupied." Nevertheless the complaint is good, for possession is alleged, and constructive possession suffices. The

said statute at first required "actual possession," but by amendment in 1891 (section 1, c. 210, p. 403, Laws 1891), the word "actual" was omitted. The phrase was used in the opposite sense of "possession in law, or constructive possession" (Churchill v. Onderdonk, 59 N. Y. 134). The illustration in Clason v. Stewart, 23 Misc. Rep. 177, 51 N. Y. Supp. 1100, of constructive possession, in reference to this change in the statute, viz., "showing that a constructive possession, as through tenants, is sufficient," was inadvertent, for possession through a tenant would be actual possession. .

The order should be reversed.

Order reversed, with $10 costs and disbursements. · All concur.