(88 Misc. Rep. 217)

## PEOPLE v. FIRTH.

(Supreme Court, Special Term, Herkimer County. December, 1914.)

1. QUIETING TITLE (§ 19*)—ACTION TO COMPEL DETERMINATION OF CLAIM—WHO MAY MAINTAIN.

　　An action to compel the determination of a claim to realty was properly brought by the people of the state under Code Civ. Proc. § 1638, prescribing who may bring such actions, where it appeared that the forest, fish, and game commission was in actual as well as constructive possession of the property for the period prescribed by such section.

　　[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 48; Dec. Dig. § 19.*]

2. JURY (§ 28*)—JURY TRIAL—WAIVER—REAL ACTIONS.

　　Under Code Civ. Proc. § 1009, providing how the right to a trial by jury may be waived, an objection that an action to compel determination of a claim to realty should have been tried as an action at law, instead of in equity, came too late when not made until after trial.

　　[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JURY (§ 28*)—JURY TRIAL—ELECTION—REAL ACTIONS.

Where each party to an action under Code Civ. Proc. § 1638, to compel the determination of a claim to realty, noticed the case for trial at a term for which no jury could be drawn, this constituted an election that the case should be tried as one in equity.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

4. TAXATION (§ 799*)—ACTION TO COMPEL DETERMINATION OF CLAIM—RIGHT OF ACTION.

Where defendant placed on record an invalid tax deed to wild, unoccupied forest lands, from which some timber had been cut, and of which the people of the state were in possession, the people were justified in bringing an action under Code Civ. Proc. § 1638, to compel a determination of defendant's claim.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1584, 1585; Dec. Dig. § 799.*]

5. QUIETING TITLE (§ 23*)—ACTION TO COMPEL DETERMINATION OF CLAIM— WHO MAY MAINTAIN—POSSESSION.

An action under Code Civ. Proc. § 1638, to compel determination of a claim to realty, may be brought by one who has the legal title and constructive possession, though he is not in actual possession.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 55, 56; Dec. Dig. § 23.*]

6. TAXATION (§ 806*)—ACTION TO COMPEL DETERMINATION OF CLAIM—NECESSARY PARTIES.

In an action by the people of the state to compel a determination of defendant's claim under a deed from the assignee of a certificate of purchase given at a tax sale, such assignee was neither a necessary nor a proper party.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1598; Dec. Dig. § 806.*]

7. QUIETING TITLE (§ 30*)—ACTION TO COMPEL DETERMINATION OF CLAIM— NECESSARY PARTIES.

Under the express provisions of Code Civ. Proc. § 1638, it is improper to make any person a party defendant to an action to compel determination of a claim to real property, other than persons claiming title to the property.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 64–66; Dec. Dig. § 30.*]

8. TAXATION (§ 674*)—TAX SALE—STATE LANDS.

Where the comptroller sold for taxes land, the title to which had for a long time been in the people of the state, and which had become a part of the forest preserve of the state, without bidding in the same as required by Tax Law (Consol. Laws, c. 60) § 123, the sale was void under Const. art. 7, § 7, and Laws 1900, c. 20, § 216, prescribing the comptroller's duty in making sales of property assessed against the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1349–1351; Dec. Dig. § 674.*]

9. TAXATION (§ 800*)—ACTION TO COMPEL DETERMINATION OF CLAIM—CONDITION PRECEDENT—TENDER—VOID TAX SALE.

In an action brought by the people of the state under Code Civ. Proc. § 1638, to compel the determination of a claim to land, the title to which was in the state, and to which defendant claimed title under a deed from the assignee of a certificate issued to the purchaser at a void tax sale, it was no defense that plaintiff had not paid or offered to pay the amount paid for the premises by the original purchaser, or the amount paid by defendant to his grantor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1586; Dec. Dig. § 800.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the People of the State of New York against George Firth, to compel determination of a claim to real property. Judgment ordered for the People.

Thomas Carmody, Atty. Gen. (John O. Bates, of Albany, of counsel), for the People.
Bronner & Ward, of Little Falls, for defendant.

PURCELL, J.   The plaintiff brings this action under section 1638 of the Code of Civil Procedure to compel the determination of a claim made by the defendant to certain lands in the town of Wilmurt, Herkimer county, N. Y., within the forest preserve of the state of New York. · The action was tried as being one of equity at a term where no jury was present and without any demand being made by either party for a trial by jury.

The plaintiff makes title to the property in question through two deeds, one executed by the comptroller of the state of New York to the people of the state of New York, as a result of a tax sale in 1881, which was recorded in Herkimer county April 6, 1887, in Book of Deeds 131, at page 257, and the other by deed from Erastus Darling and George N. Ostrander and wives, dated March 6, 1889, and recorded in said county December 26, 1889, in Book 170 of Deeds, at page 169; while the defendant claims under a tax sale for a school tax of 87 cents assessed against the premises in 1898, which was bid off by one Henry Rank for $3.34, to whom the usual certificate of purchase was given, and who assigned it to one Jerome Somers, to the latter of whom the comptroller of the state of New York on January 10, 1908, issued a tax deed, which provided that the conveyance "was subject to all claims of every name which the people of the state of New York have thereon."   Subsequently several conveyances of the property were made, until it came to the defendant by deed dated December 22, 1911, which was recorded in said clerk's office on November 8, 1912, in Book 212 of Deeds, at page 253.   All of said prior conveyances were duly recorded.

The answer puts in issue the material allegations of the complaint; alleges payment to the state of the amount bid for the property which it still retains; that the defendant, upon his purchase, paid $200 for the property; that the plaintiff has not tendered back the amounts paid by either the original purchaser or the defendant; that said Somers is a necessary party; and that the defendant purchased said property without any notice or knowledge of the invalidity or defects in the conveyance from the comptroller.   For a further defense, the defendant alleges that the original assessment was valid; that the deed executed to Somers by the comptroller was recorded more than two years prior to the conveyance to the defendant; that the time for the redemption of the 1905 sale expired January 1, 1907; and that more than five years from the expiration of the period allowed by law for the redemption of the 1905 sale had elapsed before the commencement of the action.

It appears further by the evidence that the comptroller's notice that

he was in possession of the wild, vacant, and forest lands located in Herkimer county was published in the Dolgeville Herald, a newspaper published in said Herkimer county, pursuant to the provisions of section 13, chapter 711, of the Laws of 1893, and that such notice, among other parcels, included the premises in question.

[1] I think the action is properly brought under said section 1638 of the Code of Civil Procedure as, under the statutes and decisions relating to the subject of possession, the forest, fish, and game commission was in the actual, as well as constructive, possession of the property in question for the period provided by the said section of the Code.

[2, 3] While such an action has been decided to be one of law, instead of equity, the trial, as stated, proceeded as if in equity, no objection having been made by either party to that course, although it seems now that defendant's counsel makes the point that the court is without jurisdiction, and that the action should be sent to a Trial Term. Having tried the case without objection, as stated, I think this objection comes too late. Code Civ. Proc. § 1009; MacKellar v. Rogers, 109 N. Y. 468, 472, 17 N. E. 350; 2 Rumsey, Pr. 219–221. Besides this, each party noticed the case for trial at the term stated, for which no jury could be drawn and the notice which carried the cause there, I think, must be deemed an election to have the case so tried.

[4] The defendant having placed his deed on record of the premises in question, which were conceded on the trial to be wild, unoccupied forest lands from which some timber had been cut, and the plaintiff being in possession as stated, I think the plaintiff was justified in bringing the action.

[5] Even if it should be finally held that the plaintiff's possession is only a constructive one, as alleged in the complaint, I think the action to determine title in a case of this character can be successfully maintained, as one who has the legal title to land need not be in the actual possession thereof in order to maintain the action. Neale v. Walter, 128 App. Div. 827, 112 N. Y. Supp. 1041; Whitman v. State of New York, 85 App. Div. 468, 471, 83 N. Y. Supp. 465.

It would seem, however, that the question of possession has been finally settled in favor of the plaintiff by the cases of People v. Turner, 145 N. Y. 451, 40 N. E. 400, People ex rel. Forest Commission v. Campbell, 152 N. Y. 51, 57, 46 N. E. 176, and People ex rel. Lake Placid Co. v. Williams, 145 App. Div. 34, 41, 129 N. Y. Supp. 767.

[6, 7] I do not think that Jerome Somers was either a necessary or proper party defendant to the action. That question was determined adversely to the defendant's contention in Merritt v. Smith, 50 App. Div. 349, and I do not find that the ruling of the court in that case has been disturbed. Certainly the rights of Somers, if he had any, were not prejudiced for failure to make him a defendant, and if he desired to become one he should have taken the proper steps to do so. The issue here can be decided without making Somers a party, as the title of the defendant is exactly the same as was that of Somers under his tax deed. If he were a party here, no additional element of title would be involved, as the only question for decision is as to the validity and effect of the tax deed executed to him by the comptroller. Moreover, I think that under section 1638 of the Code it would be improper to

make any other a party than the one or ones claiming title to the property.

[8] Coming now to the real question of the case, I am clearly of opinion that the action of the comptroller in selling the property in question, the title to which had for a long time been in the plaintiff and had become a part of the forest preserve of this state, was absolutely void and contrary to the express prohibition of the Constitution of the state and the duty of the comptroller, as provided by statute, in making sales of property assessed against the state. Const. N. Y. art. 7, § 7; Laws 1900, c. 20, § 216; Tax Law (Laws 1896, c. 908, as amended by Laws 1897, c. 233) § 123; Wells v. Johnston, 171 N. Y. 324, 63 N. E. 1095; Raquette Falls Land Co. v. International Paper Co... 41 Misc. Rep. 357, 84 N. Y. Supp. 836, affirmed 181 N. Y. 540, 73 N. E. 1131.

Moreover, it is provided by statute that, in case of the sale of the lands of the state liable to be sold at any tax sale held by the comptroller, it is his duty to bid in for the state any and all such lands. Tax Law (Laws 1896, c. 908, as amended by Laws 1897, c. 233) § 123.

The land in question, being in Herkimer county, and the title to it having been acquired by the state under the provisions of the several statutes upon the subject, became a part of the forest preserve. Indeed, this was not disputed upon the trial or submission of the case. See Conservation Law (Laws 1911, c. 646; Laws 1912, c. 444) § 50. Said section 50 of the Conservation Law was previously section 34 of the Forest, Fish and Game Law.

As I understand the law to be, tax deeds under which the state derives title are not now open to attack in any way after they have been recorded for more than two years prior to a tax sale, as is the case here. Tax Law (Laws 1909, c. 62) § 132. Indeed, no attempt to attack the deeds under which the plaintiff claims title has been made.

[9] The contention that the plaintiff, before bringing the action, should have paid or offered to pay the amount paid by the original purchaser for the premises, or what was paid by the defendant to his grantor, is of no avail to the defendant, for the reason that the action is governed by a particular statute which the courts have held to be one of law, and not of equity. Besides, the defendant has paid no money to the state, and he has no special interest in the amount paid by his remote grantor. But, even if the action was in equity, I am of opinion that it would not have been necessary to pay back or tender the money paid at the tax sale for the reasons already stated.

Other questions were discussed by the learned counsel for the respective parties, to which I do not deem it necessary to refer, as I have come to the conclusion that the sale by the comptroller was absolutely void, for the reasons already pointed out.

Judgment is ordered for the plaintiff in accordance with the relief demanded in the complaint; but as the parties treated the action as one in equity, and the defendant, through the action of a state officer, has met with some loss and expense in the exercise of discretion, costs are withheld.

Judgment accordingly.