THE PEOPLE OF THE STATE OF NEW YORK ex rel. OTTLEY ESTATE CORPORATION, Appellant, against JOSEPH LILLY et al., Con-stituting the Tax Commission of the City of New York, Respondents.

Argued January 16, 1951; decided March 8, 1951.

*Leon London* for appellant.  Service of a certified copy of the final order upon the comptroller and service of an uncertified copy upon the department of finance, with notice of entry, constituted a sufficient demand for "audit and allowance" under section 296 of the Tax Law.  The comptroller has not promulgated any regulation requiring anything more to be done and respondents should not be permitted to impose a more rigorous standard than that set by the Civil Practice Act (§ 505) in like circumstances.  (*Browne* v. *City of New York,* 241 N. Y. 96; *Robia Holding Corp.* v. *Walker* 257 N. Y. 431; *People ex rel. 270 Park Ave. Corp.* v. *Sexton,* 295 N. Y. 589.)

*John P. McGrath, Corporation Counsel* (*Edith I. Spivack, Imre Schwarz* and *Morris Handel* of counsel), for respondents.  Since the Tax Law expressly requires an application for audit and allowance as a condition to allowance of interest upon a refund directed in tax certiorari proceedings, interest does not begin to run upon the mere service of the order reducing assessments, unaccompanied by such application or any demand for payment pursuant to the statute.  Relator having served only the order on April 30, 1945, and having delayed the making of an application for audit and allowance until November 28, 1947, the Appellate Division properly held that no interest was payable for the period between those two dates.  (*O'Keeffe* v. *City of New York,* 176 N. Y. 297; *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472; *Smith* v. *Board of Educ. of*

*City of N. Y.*, 208 N. Y. 84; *People ex rel. Taylor* v. *Miller,* 262
App. Div. 1018, 288 N. Y. 491; *People ex rel. 277 Park Ave. Corp.*
v. *Miller,* N. Y. L. J., May 20, 1941, p. 2257, col. 5; *People ex rel.
2176 Third Ave. Realty Co.* v. *Miller,* N. Y. L. J., May 19, 1941,
p. 2241, col. 4; *People ex rel. Myers* v. *Barnes,* 114 N. Y. 317;
*People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326; *Matter of
City of New York [Montgomery St.],* 91 App. Div. 532.)

*Per Curiam.* The order in the tax certiorari proceeding
directed that " there shall be audited and allowed * * *
and paid to " the relator the refund prescribed therein,
" together with the interest * * * from the dates of pay-
ment ". Service of a certified copy of that order upon the
comptroller of the city of New York, and service of a copy
thereof, with notice of entry, together with a letter of transmittal
by relator's attorney upon the department of finance, were
sufficient to start interest running on the refund (*People ex rel.
270 Park Ave. Corp.* v. *Sexton,* 295 N. Y. 589; Tax Law, § 296,
subd. 2). It is unnecessary to consider the effect of any
alleged regulation of the comptroller to the contrary, for no
such regulation has ever been officially promulgated (New York
City Charter [1938], § 885). The order of the Appellate Divi-
sion should be reversed and that of Special Term affirmed, with
costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and
FROESSEL, JJ., concur.

Ordered accordingly.