Daniel E. Macken, J.
Since these proceedings [to compel cancellation of tax sales pursuant to section 1026 of the Beal Property Tax Law] have many common parties, facts, and issues they are being considered together.
The petitioner and the respondents Jay O. Cowing, John A. Cowing and John P. Cowing are each life tenants of separate parcels of property in Cayuga County devised to them by the will of one Helen H. Cowing. Upon the death of any of the life tenants without surviving issue, the fee of the property so held passes to the surviving life tenants. Petitioner thus has a contingent remainder interest in each of the parcels involved in these proceedings. Proceeding No. 1 concerns a tax sale of the property so held by John P. Cowing for unpaid 1959 State and county taxes and Proceeding No. 2 involves a sale of the property held by Jay C. Cowing for unpaid 1960 taxes. At the tax sales, the property in Proceeding No. 1 was sold to respondents Jay C. Cowing and John D. Cowing and in Proceeding No. 2 to the respondents Frederick G-. and Helen R. Carlton. Deeds to the purchasers, executed by the County Treasurer, in Proceeding No. 1 were recorded on November 27, 1962 and in Proceeding No. 2 on October 2,1963.
The only alleged bases of relief are that publications of the notice of sale in Proceeding No. 1 and the notice of redemption in Proceeding No. 2 were defective in that the publications were not made in the newspapers designated for the publication of the concurrent resolutions of the Legislature as required by former section 151 of the Tax Law (now Real Property Tax Lawq § 1002) and section 1014 of the Real Property Tax Law.
*929 In 1958, in response to a request by the Secretary of State, the Clerk of the Board of Supervisors certified that the newspapers designated to publish the concurrent resolutions pursuant to subdivision 1 of section 214 of the County Law were the Citizen Advertiser and the Cayuga Chief and in 1960 the Clerk certified that the Citizen Advertiser and the Cato Citizen had been so designated. It appears that the requests by the Secretary of State for such certification were made biannually in even numbered years and no such certifications to the Secretary of State were made in 1959 or 1961. The statute provided that “ in the event of a failure so to designate in any year * * * the last newspaper designated * * * shall be deemed duly designated ”. (L. 1951, ch. 685.)
In Proceeding No. 1 the notice of sale was published in 1959 in the Citizen Advertiser and the Southern Cayuga Tribune but not in the Cayuga Chief. The notice of redemption was published in 1960 in the Citizen Advertiser and the Cato Citizen, the papers certified by the Clerk as having been designated for the publication of concurrent resolutions. In Proceeding No. 2 the notice of sale was published in 1960 in the Citizen Advertiser and Cato Citizen. The notice of redemption was published in 1961 in the Citizen Advertiser and Southern Cayuga Tribune but not in the Cato Citizen.
During the periods involved in these proceedings, it is doubtful that the members of the Board of Supervisors ever designated newspapers for the publication of concurrent resolutions in accordance with the procedure outlined in subdivision 1 of section 214 of the County Law, and in affidavits accompanying the answers, respondents’ attorney so alleges. Petitioner, however, does not question the validity of the publication of the notice of redemption in Proceeding No. 1 and the notice of sale in Proceeding No. 2 in the newspapers certified to the Secretary of State. It appears that in the designation of newspapers for the publication of local laws and notices pursuant to subdivision 2 of section 214 of the County Law, it was the practice of the Board of Supervisors to always designate the Citizen Advertiser, a substantial daily newspaper of countywide circulation, and for a second paper to alternate each year between small weekly newspapers with circulations confined principally to different areas of the county. From the testimony of the Clerk of the Board of Supervisors, an examination of the proceedings of the board and the pattern of publication in these proceedings, I find that in response to the biannual requests of the Secretary of State for the newspapers designated for publication of concurrent *930 resolutions, it was the custom of the Clerk to furnish the names of those papers currently designated by resolution of the board pursuant to subdivision 2 of section 214, and that it was the practice of the County Treasurer to publish tax notices each year in the newspapers currently so designated.
That the publications of the notice of sale in Proceeding No. 1 and the notice of redemption in Proceeding No. 2 were defective seems clear. (Seafire, Inc. v. Ackerson, 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668, and cases therein cited; Matter of Steuben Advocate v. Board of Supervisors, 5 Mise 2d 627, mod. 5 A D 2d 803; 3 Cooley, Taxation [4th ed.], § 1412, p. 2797). Respondents take the position that the defects, if any, are of such nature that the proceedings are barred by the two-year provision of section 1020 of the Real Property Tax Law. Petitioner contends that the faulty publications constitute “ defect[s] in the proceedings affecting jurisdiction upon constitutional grounds ” and that, as such, these proceedings may be brought within five years from the expiration of the time for redemption as provided in that section. The demands for cancellation were made more than two years after the deeds were recorded and less than five years after the expiration of the redemption periods.
In Kiamesha Development Corp. v. Guild Props. (4 N Y 2d 378) the court undertook to attempt to clarify the categories of cases barred by the two-year and five-year provisions of former sections 131 and 132 of the Tax Law now incorporated in section 1020 of the Real Property Tax Law. In so doing (p. 385) it referred to Lindlots Realty Corp. v. County of Suffolk (278 N. Y. 45) as a case in which it had £1 applied or referred to the five-year provision ’ ’. In Lindlots the publication of notice of sale was apparently proper in form, published in the properly designated newspapers six times in six different weeks, but the sale was held less than 42 days after the first publication as required by the then section 151 of the Tax Law. While the case vras not decided on the limitation issue, the Appellate Division in Lindlots (251 App. Div. 340, 345) said: “ In the present case the defect consisted of a failure to serve proper notice of sale, and it seems to be conceded that this was jurisdictional. (Bamonte v. Ocean Beach-Fire Is. Co., 222 App. Div. 676; affd. 248 N. Y. 642.) Consequently, the first part of section 132 has no application here. The question is whether the latter part of the section, providing a remedy of cancellation for jurisdiction-ally defective sales, where the remedy is sought within a five-year period, applies to this action.”
*931 I am unable to say that the failure to publish the notices in the properly designated newspapers in the present proceedings is any less serious a defect than the omission in Lindlots and Bamonte. The statute required their publication in the news papers designated for the publication of concurrent resolutions and the Treasurer had no discretion to publish them otherwise (cf. Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122).
In People ex rel. Boenig v. Hegeman (220 N. Y. 118,121) also cited in Kiamesha (supra) as a case in which the five-year provision was applied or referred to, the court said: “Various defects of this jurisdictional character are discussed in the 'following cases which sustain the views here being adopted: * * * Meigs v. Roberts (162 N. Y. 371) ”. In Meigs v. Roberts it was held that a claim of defective notice of redemption was barred by the two-year provision contained in chapter 448 of the Laws of 1885. The Appellate Division (42 App. Div. 290) had construed the statute as being curative only and held that the defect in the notice of redemption being jurisdictional, could not be cured by the statute. (See 4 Cooley, Taxation [4th ed.] J, § 1590, pp. 3126, 3127, 3138.) The Court of Appeals did not pass on whether the defect was jurisdictional but held that the statute "was also a Statute of Limitations and, as such, barred the action. The statute then in effect did not except from its operation “ any defect in the proceedings affecting the jurisdiction upon constitutional grounds ”. The latter exception was incorporated in the statute by section 12 of chapter 711 of the Laws of 1893 prior to the decision of Meigs v. Roberts. (See People ex rel. McGuinness v. Lewis, 127 App. Div. 107,116,117.)
In People v. Ladew (189 N. Y. 355, 359) in which it was held that a tax deed was void for failure to serve a notice of redemption, the court, referring to the decision of the Referee and with apparent approval, said: “He conceded that the title of the plaintiff based upon these deeds was subject to jurisdictional defects which would invalidate it if the defendant was in a position to raise the question. ’ ’
“ The notice to redeem is generally considered to be jurisdictional, and to have the dignity of a process of law.” (85 O. J. S., Taxation, § 859, p. 247.) In this State due process of law required that before acquiring jurisdiction to execute and deliver the deeds involved in these proceedings, the Treasurer was obliged to give the notices of sale and redemption required by statute. While, had there been compliance with the statutorily prescribed method of publication, certain defects in the contents of the notices might be subject to the two-year limitation *932 (Kiamesha, 4 N Y 2d 378, 385, supra), failure to so comply resulted in no notice being given. In my judgment, the defects in the publication of the notices here asserted affected jurisdiction upon constitutional grounds and the proceedings are not barred by the two-year limitation. (See, also, Olds v. City of Jamestown, 280 N. Y. 281; Eckman v. Meli, 255 App. Div. 925; Rochester Sav. Bank v. Stoeltzen & Tapper, 176 Misc. 147; Matter of Marks v. Seaman, 16 A D 2d 829; Schwarts v. Bankers Trust Co., 28 A D 2d 696, 698.)
It follows that in each of these proceedings the tax deeds are void and petitioner is entitled to judgment for the relief sought, without costs.
This memorandum constitutes the decision of the court pursuant to CPLR 4213.