James H. Boomer, J.
Plaintiff derives title to certain real property through a tax sale and he brought this action under article 15 of the Real Property Actions and Proceedings Law to compel a determination of the claim of the former owners of the property. The answers of the former owners contain affirmative defenses attacking the validity of the tax sale and the plaintiff moves under OPLR 3211 (subd. [b]) to dismiss the defenses.
The tax deed was recorded on November 24, 1970, more than two years before the commencement of this action and, therefore, the deed is conclusive evidence “ that the sale and all proceedings prior thereto from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto.” Nevertheless, the deed is “subject to cancellation by reason of (a) the prior payment of the taxes, the non-payment of which resulted in the sale, (b) the illegal levy thereof by the city or town or (c) any defect in the proceedings affecting jurisdiction upon constitutional grounds, if application is made * * * within five years from the expiration of the period allowed by law for the redemption of *1069 lands sold at the particular sale sought to be cancelled.” (Real Property Tax Law, § 1020, subd. 3.) The five-year period has not elapsed and the question to be answered as to each affirmative defense, is whether the facts pleaded, if true, show that the levy of the taxes was illegal or that there was a defect in the proceedings affecting jurisdiction upon constitutional grounds.
Defendants claim an illegal levy for the following reasons:
1. “ The property was not correctly described on the 1966 Assessment Roll of the Town of Sodus.” This is insufficient to state a valid defense. An error or omission in the description of the property does not invalidate the levy if the parcel can be identified with reasonable certainty (Real Property Tax Law, § 504, subd. 4; see Dillwood Corp. v. Manning, 184 MisC. 1067; McDonogh v. Smith, 277 App. Div. 1087; Goff v. Shultis, 26 N Y 2d 240). The description appears to sufficiently identify the property and this defense states no facts to the contrary.
2. “ The property was assessed to Don D’Ercola and not Collier Enterprises, Inc. ”, the owner of the property. This defense is insufficient, for an error in stating the name of the owner of the property assessed does not impair the validity of the assessment (People ex rel. Ottley Estate Corp. v. Lilly, 274 App. Div. 619, 621, revd. on other grounds 302 N. Y. 278; Matter of Becraft v. Strobel, 158 Misc. 844, 848; Real Property Tax Law, § 504, subd. 4).
3. The address of the owner as listed on the assessment roll was incorrect. This defense is insufficient. The Real Property Tax Law does not require that the address of the owner be stated ón the assessment roll (Real Property Tax Law, § 502), An incorrect address, therefore, will not invalidate the assessment.
4. “ The Verification of the said 1966 Assessment roll of the Town of Sodus was improper and not in accord with section 514 of the Real Property Tax Law. Said verification reads as follows.” The form of the verification alleged to be improper is recited in full in the answer. It is taken verbatim from the verification required by former section 28 of the Tax Law and it does not vary in any material respect from that required by the present law, section 514 of the Real Property Tax Law. This defense is insufficient. (See Rome, Watertown S Ogdensburgh R. R. Co. v. Smith, 39 Hun 332, affd. 101 N. Y. 684.)
5. “ The above purported verification was sworn not before ‘ an officer of the county authorized by law to administer oaths ’, but before a Notary Public.”
A notary public is a public officer (People v. Rathbone, 145 N. Y. 434) and is one of the persons authorized to administer *1070 oaths (CPLR 2309; Real Property Law, § 298). Formerly, assessment rolls could be verified only before a Justice of the Peace of the town (L. 1851, ch. 176, § 8). In 1884 the law was changed to provide that assessors could verify the rolls ‘ ‘ before any officer of their county authorized by law to administer oaths ” (L. 1884, ch. 57, § 1). This is substantially the same language contained in the present law (Beal Property Tax Law, § 514). The change in the law was made apparently not to restrict the persons before whom assessment rolls could be verified, but to authorize verification before officers, such as notaries public, in addition to Justices of the Peace (see People ex rel. Rome, Watertown & Ogdensburg R. R. Co. v. Jones, 43 Hun 131, affd. 106 N. Y. 330). The term “ officer of the county ”, within the context of section 514 of the Beal Property Tax Law, should not be narrowly construed. It appears to have been the legislative intent to authorize the verification before any officer authorized to take oaths within the county, whether he be in the county employ or not.
6. “No notice of the final completion of said Assessment Boll was published nor posted as required by section 516 of the Beal Property Tax Law.”
I can find no case directly determining the effect of a failure to publish the notice of the final completion of the tax rolls upon the validity of a tax sale or tax deed. Section 516 of the Beal Property Tax Law provides for publication of the final completion of the tax roll on or before the 15th day of August. It has been held that the time for publication is directory only and a late publication does not render the tax rolls void (Matter of Dells, Inc. v. Ossman, 15 Misc 2d 237), but merely extends the time for bringing a proceeding to review the assessment It may be that failure to publish at all is a defect requiring a tax deed to be set aside if a proceeding is brought within two years of the recording of the deed. But is it a jurisdictional defect that may be raised thereafter?
In People v. Turner (117 N. Y. 227), the assessors failed to post the required notice of the right of a taxpayer to a review of his assessment before the assessors, and they failed to hold a hearing for that purpose. The court held that these were not jurisdictional defects since the taxpayers still had a right to review their assessments before the County Board of Supervisors.
If the court had ended its opinion at that point, the case would not be apposite here, for the present law does not give the taxpayer the right to review his assessment before the board of *1071 supervisors. But the opinion goes on to say (pp. 239-240):
1 ‘ But more than this — after the tax has been returned to the comptroller, the taxpayer still has the right, both before and after the sale of his property, to appear before that officer and make proof of any illegality in the tax levy, and demand that such tax, and any sale made thereon, shall be canceled by him * * * It would seem that the right of a property owner to assert his title to the property claimed by him, after such ample opportunities to protect such right had been afforded, could be regulated by a law of limitation without incurring the objection that his property had been taken without due process of law.”
Here, in spite of the failure of the assessor to publish the notice of the completion of the tax rolls, the defendants still had the right to apply to the County Treasurer to set aside the tax sale (Real Property Tax Law, § 1026) or to bring a proceeding to review the amount of their assessment or to contest its legality (Real Property Tax Law, art. 7) or to bring a proceeding to set aside the tax sale or deed (People ex rel. McGuinness v. Lewis, 127 App. Div. 107), provided he acted within two years of the recording of the deed. And even though defendants may not have been given notice of completion of the tax rolls, they were guaranteed notice of publication, of the receipt, by the collector of taxes, of the tax roll and warrant (Real Property Tax Law, § 920; Werking v. Amity Estates, 2 N Y 2d 43), of the tax sale (Real Property Tax Law, § 1002; Olds v. City of Jamestown, 280 N. Y. 281) and of the right to redeem within one year of the sale (Real Property Tax Law, § 1014; Matter of Evans v. Colvin, 54 Misc 2d 927). While the failure to publish any of the latter notices is a jurisdictional defect which can be raised after two years from the recording of the tax deed, I hold that the failure to publish notice of the final completion of the tax roll is not such a defect. An owner who is deprived of notice of the receipt of the tax warrant, notice of the tax sale or notice of his right to redeem, may be thus deprived of an opportunity to pay his taxes to prevent the loss of his property. But a taxpayer deprived of notice by publication of final completion of the tax roll loses no substantial right. He does not even lose the right, which was lost by the plaintiff in People v. Turner (117 N. Y. 227, supra), to a review of his assessment before the assessors, for presumably he was given the notice by publication of the tentative completion of the assessment roll, required by section 506 of the Real Property Tax Law. And he still retains his right to bring a court proceeding to review his assess *1072 ment even after the expiration of the 30-day period of limitation provided by section 702 of the Beal Property Tax Law, for under section 702, the 30-day period does not begin to run until the notice is published. In view of all of the later notices provided to the taxpayer, and the fact that the annual assessment of taxes is inevitable, it is not unreasonable to hold that, after the expiration of two years from the recording of a tax deed, a taxpayer is barred from asserting the objection that he did not receive notice by publication of the final completion of the assessment roll.
7. “ There is no. record of any of the three assessors ever having subscribed an oath of office.”
This defense is insufficient. Section 15 of the Public Officers Law expressly provides that if a public officer fails to take or file an oath of office “ his acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed ”. (See, also, Matter of Delehanty [Sullivan], 202 Misc. 33, 35-36; Wood v. La Rose, 67 Misc 2d 597, 600-601, revd. on other grounds 39 A D 2d 469.)
Defendants claim the following jurisdictional defects in connection with the tax sale:
1. “No application by the purchaser, in writing, was made for such Tax deed pursuant to Section 1018 of the Beal Property Tax Law. ’ ’ This defense is insufficient. The requirement of a written application for the tax deed is solely for the benefit of the County Treasurer and may be waived by him (Wood v. La Rose, 67 Misc 2d 597, 603-604, supra).
2. “The Wayne County Treasurer failed to file with the Wayne County Clerk and the Wayne County Treasurer proof of publication of Notice of Unredeemed Lands pursuant to Section 1014 of the Beal Property Tax Law.” This defense is insufficient. While failure to publish the notice of unredeemed lands as required by section 1014 is a jurisdictional defect requiring the cancellation of the tax sale even after the two-year period provided by section 1020 (see Matter of Evans v. Colvin, 54 Misc 2d 927, supra and cases cited therein), failure to file the proof of publication is not (Wood v La Rose, 67 Misc 2d 597, 602-603, supra). In connection with service of process by publication, the Court of Appeals has held, “ Jurisdiction is obtained by service and the failure of proof of service does not render the service void or the jurisdiction defective. (Winter v. Winter, 256 N. Y. 113.) ” (Lambert v. Lambert, 270. N. Y. 422, 427.)
3. “ The Wayne County Treasurer failed to file with the Wayne County Clerk and Wayne County Treasurer proof of *1073 Publication of Notice of1 Sale, pursuant to Section 1002 of the Real Property Tax Law. ’ ’ This defense is insufficient. Failure to publish the notice of sale is a jurisdictional defect (Matter of Evans v. Colvin, 54 Misc 2d 927, supra), but failure to file proof of publication is not (Wood v. La Rose, 67 Misc 2d 597, supra; Lambert v. Lambert, 270 N. Y. 422, supra).
4. “ The Wayne County Treasurer, although he executed and acknowledged the tax deed on October 19, 1968, did not deliver the same to the purchaser, Robert L. Purchase, until the expiration of 36 months from the date of sale, thus precluding said purchaser from recording the same and hence placing defendant on notice thereof. ’ ’ This defense is insufficient. The purchaser must record his deed to obtain the benefit of the presumption of legality provided by section 1020 of the Real Property Tax Law, but there is no obligation to record. In fact, the purchaser is precluded by law from recording his deed until he serves a notice to redeem or until after three years from the tax sale (Mabie v.. Fuller, 255 N. Y. 194, 200-201).
In paragraph 10 of their answers, defendants allege that, although the owner of the property was in possession after the tax sale, no notice to redeem was given to him by the purchaser pursuant to section 1022 of the Real Property Tax Law. That section gives to the person who is in possession of the property at the time of the expiration of the one-year period given for redemption óf the property, an additional period of time in which to redeem. He may redeem the property occupied by him within 36 months after the tax sale, unless the purchaser gives him written notice of the conveyance. If the notice is given, the time to redeem is shortened to six months after the notice. A purchaser need not give the notice, but may instead rely upon the expiration of the 36-month period from the tax sale to terminate the right to redeem (Mabie v. Fuller, 255 N. Y. 194, supra). The failure of the plaintiff, therefore, to give notice under section 1022 does not constitute a defect in the proceedings.
By paragraph 11 of the answers, defendants object that the County of Wayne and the Town of Sodus as well as plaintiff’s grantor were not made parties to this action. Predecessors in title who claim no interest are neither necessary nor proper parties in an action to determine a claim to real property (People V. Firth, 88 Misc. 217, 222).
I conclude that all of the affirmative defenses must be stricken.