■ RICHARD J. BROTHERS et al., Respondents, v ROBERT L. WALL, Appellant. RICHARD J. BROTHERS et al., Respondents, v ROBERT L. WALL et al., Appellants. RICHARD J. BROTHERS et al., Respondents, v RHODA D. SCOTT, Appellant. — Order reversed, with costs, plaintiffs' motion denied and defendant Wall's motion granted. All concur, Cardamone, J. P., not participating. Memorandum: Defendants in this consolidated action appeal from an order of Special Term which denied defendant Wall's motion to dismiss for want of prosecution and granted plaintiffs' motion to amend their complaint to add defendant Roger Scott; to alter the cause of action from one seeking injunctive relief to an action to determine title to real property; and to consolidate plaintiffs' actions against Robert Wall, Roger Scott and Rhoda Scott. The order is reversed, defendant Wall's motion to dismiss the complaint is granted and plaintiffs' motion to amend the pleadings is denied. At issue is title to a 30-foot strip of land between two adjoining parcels owned, respectively, by plaintiffs and defendant Rhoda Scott. By deed of April 29, 1966, Carlton Badman conveyed a parcel of land on the shore of Skaneateles Lake to Floyd Davey and defendant Robert Wall. Davey and Wall partitioned the property, Wall conveying the northerly half to Davey by deed dated June 20, 1966, and Davey conveying the southerly half to Wall by deed of June 21, 1966. On October 22, 1973, Davey conveyed his interest in the north parcel to plaintiffs Richard J. and Marilyn A. Brothers. That deed, however, contained the following exception: "The seller does not and hereby expressly excepts from his warranty the southerly

portion of the above described premises, which is contiguous to property presently owned by either Roger Scott or Robert L. Wall or others, by reason of possible encroachments that may exist to the southerly portion of the subject property caused by or arising by reason of acts performed previously by the owners or agents of the owners of the said property which is southerly of and contiguous to the subject property. The purchasers, by their actions or the actions of their attorney in accepting and recording this deed, shall thereby acknowledge such possible encroachments to the subject property, and thereby accept the title to the subject property subject to the said encroachments and further shall thereby release the seller from any obligations and/or causes of action which might otherwise exist or arise by reason of the said encroachments." By warranty deed dated March 12, 1976 Wall conveyed his interest in the southern lot to defendant Roger Scott. That deed embodied the conveyance of a 30-foot strip of the northern lot contiguous with the southern lot, purportedly acquired by adverse possession: "Together with all of the right, title and interest of Robert L. Wall to title by adverse possession of the southerly 30 feet of the northerly half of Lot No. 3 as shown on a map of cottage lots made by John F. Papalia, L. L. S., dated May 2, 1960 and filed in the Cayuga County Clerk's Office on the 27th day of May, 1960 in Book DD of filed maps at Page 75, which southerly 30 feet has been adversely occupied since June 21, 1966 and has been substantially improved by the construction thereon of a dwelling, sun deck and septic system, together with an entrance or walk-way from the dwelling to the shores of Skaneateles Lake." Approximately one year later, Roger Scott conveyed the southern lot and the interest in the 30-foot strip to defendant Rhoda D. Scott, who is the present owner. In January, 1977 plaintiffs commenced an action against Wall (Action No. 1) seeking removal of certain alleged encroachments from the property in question. Issue was joined and, in response to a demand, a bill of particulars was served on February 17, 1977. Nothing further occurred until May, 1979 when plaintiffs moved to serve an amended complaint adding Roger Scott as a party defendant. That motion was granted but the amended complaint (Action No. 2) was never served. In August, 1979 plaintiffs commenced an action (Action No. 3) against Rhoda Scott seeking a determination of interest in real property pursuant to RPAPL article 15 and also seeking removal of encroachments pursuant to RPAPL 871. In March, 1980 attorneys for Wall and Roger Scott served a demand pursuant to CPLR 3216 to notice Action Nos. 1 and 2 for trial. The demand was not served by certified mail, as is required, but receipt was acknowledged by plaintiffs' attorney. The demand was re-served by certified mail on August 6, 1980, and receipt again acknowledged. In December, 1980 Wall moved to dismiss the complaint in Action No. 1 for want of prosecution. The motion should have been granted. The conditions of CPLR 3216 (subd [b]) were met, more than 90 days passed without plaintiffs filing a note of issue and, accordingly, defendant was entitled to dismissal of the complaint "unless the [plaintiffs showed] justifiable excuse for the delay and a good and meritorious cause of action." (CPLR 3216, subd [e].) The affirmation of plaintiffs' counsel in opposition to the motion to dismiss fails to demonstrate either a justifiable excuse or a meritorious cause of action. The only excuse offered was that plaintiffs did not take further action because they were waiting for defendants to serve them with the order granting plaintiffs' motion to amend the complaint. It is not clear why defendants prepared the order granting plaintiffs' motion; nevertheless, for plaintiffs' counsel to do nothing to secure its filing for well over a year can only be characterized as "'law office failure'" and not a justifiable excuse for delay (*Barasch v Micucci*, 49 NY2d 594, 599). Additionally, an attorney's affidavit is insufficient to defeat a motion to dismiss. In order for plaintiffs to establish a good cause of action, it was necessary for them

to submit evidentiary facts attested to by someone with personal knowledge of the facts. "In the absence of a showing of merit and reasonable excuse for the delay, it was an abuse of discretion for Special Term to deny the motion" *(Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879). Furthermore, on the face of plaintiffs' proposed amended complaint as well as in the attorney's affirmation and the deeds attached to the motion papers, it is apparent that Wall and Roger Scott have no interest in the property in question and that title rests solely in Rhoda Scott. Plaintiffs' contention that Wall and Roger Scott, as predecessors in interest, are necessary parties to an action to compel determination of a claim to real property is without merit. RPAPL 1501 (subd 1) provides in relevant part: "1. Where a person claims an estate or interest in real property * * * such person * * * may maintain an action against any other person, known or unknown * * * to compel the determination of *any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make"* (emphasis added). Neither Wall nor Roger Scott have any remaining interest in the southern lot and the 30-foot strip which may be affected by an action and they make no claim adverse to plaintiffs' claim of title. Predecessors in title who claim no interest in the property are neither necessary nor proper parties to an action to quiet title *(Crockford v Zecher,* 74 Misc 2d 1067, 1073, affd 45 AD2d 914). (Appeal from order of Cayuga Supreme Court, Roy, J. — amend complaint, consolidation.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Moule, JJ.