■ In the Matter of TECHNICON INSTRUMENTS CORP., Appellant, v ASSESSOR OF THE TOWN OF GREENBURGH et al., Respondents, and CENTRAL SCHOOL DISTRICT OF THE TARRYTOWNS, Intervenor-Respondent.—In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Marbach, J.), dated October 12, 1988, which denied its motion, *inter alia,* to compel the respondents to pay interest on a tax refund from the date of the judgment awarding the tax refund, and (2) as limited by its brief, from so much of an order of the same court, dated May 4, 1989, as, upon the granting of reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 12, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 4, 1989, made upon reargument; it is further,

Ordered that the order dated May 4, 1989, is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated October 12, 1988, is vacated, the petitioner's motion is granted to the extent of directing the

respondents to calculate interest from the date of service upon them or their attorneys of the underlying judgment, and the motion is otherwise denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

After the making of a final order directing a taxing authority to refund real property taxes which were improperly or illegally paid, the accumulation of interest on the award is suspended until an "application for audit and payment of such refund shall have been duly made" (RPTL 726 [2]). However, in *People ex rel. Ottley Estate Corp. v Lilly* (302 NY 278), the Court of Appeals, construing the provisions of former Tax Law § 296 (2) which was the predecessor to RPTL 726 (2), held that a taxpayer's transmission to the Department of Finance of an order directing a refund constituted an "application for audit and allowance" sufficient to start the running of interest *(see also, Matter of Longken, Inc. v Ornstein,* 36 NYS2d 533, *affd* 264 App Div 733). This rule has more recently been applied by the Appellate Division, First Department, in *Trump-Equitable Fifth Ave. Co. v City of New York* (160 AD2d 7).

In accordance with this rule, the court should have granted the petitioner's motion to the extent of directing that the respondents pay interest from the date upon which they or their attorneys were served with the underlying judgment. Since the date of service is not altogether clear from the record on appeal, the matter must be remitted to the Supreme Court, Westchester County, for a determination as to when service was made, and for a proper calculation of interest. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.