L. Barron Hill, J.
Plaintiffs have commenced this action to set aside certain tax deeds and cancel other deeds all of which have their inception or can be traced to an in rem foreclosure of tax lien proceeding conducted by defendant City of New York. A notice of pendency of action has been duly filed.
The defendant Sol Fieber, the present record title holder by mesne conveyances based on the tax foreclosure proceeding, has moved for a variety of relief. First, he seeks to dismiss the complaint, as amended and discharge the lis pendens on the ground: (a) that the action is barred by the Statute of Limitations, (b) there is another action pending between the same parties for the same cause, (c) there is an existing decision and judgment of this court rendered on the merits determining the same causes of action. Secondly, he seeks to cancel the Us pendens by the filing of a bond. Thirdly, he requests plaintiffs be stayed from further proceedings until they post an adequate bond, and fourthly, he requests time in which to answer the complaint if his first request is denied.
, Prior to this action, plaintiffs, by motion in the foreclosure proceeding sought almost the identical relief they seek in this action. This motion was determined adversely to them by Mr. Justice Rabí» in Matter of Foreclosure of Tax Liens (sections 3, 4, 5, 6, 7, 8, 9 and 10; Carolan) (N. Y. L. J., Feb. 18, 1957, p. 11, col. 2). In his decision, Justice Rabin held that the applicable Statute of Limitations was a bar to the motion and further determined, on the merits, that plaintiffs had received the requisite notice and that other defects claimed by them were at the most an irregularity.
At the time this motion was returned before this court, a motion was made to reargue the decision of Mr. Justice Rabin. This motion has been denied. (N. Y. L. J., April 19, 1957, p. 8, col. 5).
Apparently, this action was prompted by the recently much publicized case of Town of Somers v. Covey (2 N Y 2d 250, 258) wherein it is indicated that an action must be brought to invalidate and set aside the tax deeds and that a motion in the original action is unavailing for the purpose.
*231 Throughout the opinion of the Court of Appeals in Town of Somers v. Covey (supra) it is made clear that no court, at any time, passed on the merits of the committee’s arguments. In this case, the plaintiffs chose to move by motion and the merits of the matters raised therein were passed upon by this court adversely to plaintiffs. In this action, they seek a second bite. Reluctantly, this court concludes that the determination on the motion is not a final adjudication on the merits of the issues involved in this action for the sole reason that the court lacked jurisdiction, on the motion, of the subject matter (Town of Somers v. Covey, supra). Therefore, the relief sought under subdivision (b) and (c) of item “1” of the notice of motion must be denied.
It now must be determined whether Local Law No. 63, effective June 3, 1955, adding subdivision e to section D17-12.0 of the Administrative Code is a bar to this action. This statute, as applicable, reads as follows: “ e. Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed, the presumption shall be conclusive, unless at the time that this subdivision takes effect the two year period since the record of the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid.”
I find that this action was commenced after the two-year period of limitation set forth in subdivision “ e ” aforesaid,
The issue now becomes whether the tax deeds are void or voidable. If void, the Statute of Limitations is no bar (Cameron Estates v. Deering, 308 N. Y. 24); if voidable, the statute is a bar to this action. (Matter of Kantor [Hutner], 28 App. Div. 605.)
There is.nothing in the complaint as amended which alleges that no taxes were due, that the taxes were improperly levied or that the assessment was double or otherwise erroneous. Objection is made only to the form of notice and the procedures employed to foreclose the liens. It follows, therefore, that *232 plaintiffs claim the tax deeds are voidable and not void; hence, the Statute of Limitations is a bar to the action.
The complaint, as amended, is dismissed as to the moving defendant and the lis pendens is cancelled.
Settle order.