■ Lewis Mosher, Respondent, v. Winifred La Rose, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered September 27, 1973 in Warren County, in favor of plaintiff as subsequently amended by judgment entered March 27, 1974. Plaintiff commenced the action underlying this appeal pursuant to article 15 of the Real Property Actions and Proceedings Law to compel determination of claims to a 78-acre parcel of property previously deeded to him and now claimed by defendant following a tax sale. The action was previously before this court on an appeal from a judgment in favor of plaintiff and a new trial was ordered to permit presentation of evidence on the issue of occupancy in November, 1967 and November, 1968 (see *Mosher v. La Rose,* 39 A D 2d 981, 982). Subsequent to a sale of real property by the County Treasurer for delinquent taxes, the record owner has one year within which to redeem the property by appropriate action (Real Property Tax Law, § 1010). However, if at the time of the expiration of one year from the date of the tax sale, the assessed property is in the actual occupancy of any person, the owner is permitted an additional two years within which to redeem the property (Real Property Tax Law, § 1022, subd. 1). The tax sales at issue here occurred on November 10, 1966 and November 9, 1967. To determine the question of whether plaintiff's attempted redemption of the property more than one year subsequent to such sales but less than three years therefrom was timely, it is necessary to determine whether the premises were " in the actual occupancy of any person " at the expiration of one year from the dates of the tax sales — i.e., whether they were actually occupied by anyone on November 10, 1967 and November 9, 1968. At the outset it should be noted that it is a well-established principle that statutes such as the one involved herein are to be liberally construed in favor of the occupant or owner of the premises (*West End Brewing Co. v. Osborne,* 227 App. Div. 340, 341, affd. 254 N. Y. 572). Actual occupancy implies more than a casual or temporary presence on the land and requires elements of permanency (*People v. Ladew,* 237 N. Y. 413, 421). Cultivation and inclosure of the property have been viewed as indications of actual occupancy (see *People v. Turner,* 145 N. Y. 451, 461, affd. 168 U. S. 90; *West End Brewing Co. v. Osborne, supra,* p. 341) and it has been said that the use to which the property is put must be appropriate to its nature and locality (*West End Brewing Co. v. Osborne, supra*). Thus, in *West End Brewing Co. v. Osborne (supra, pp. 341–342)* the erection of a sign advertising plaintiff's products on a vacant lot was held to be an appropriate use of the property according to its locality and therefore sufficient to constitute actual occupancy. In the instant case, in view of the proof of cultivation and inclosure of the land at the time in question, together with evidence of its use as a pasture for plaintiff's cows and as a source of firewood and Christmas trees, the trial court had the right to find that the premises were actually occupied on November 10, 1967 and November 9, 1968. Redemption within three years of the tax sales was therefore lawful. The trial court was in a better position to judge the credibility of witnesses and we cannot say that plaintiff's testimony was totally incredible as a matter of law. Judgment affirmed, without costs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.