■ LILY DALE ASSEMBLY, INC., Respondent, v COUNTY OF CHAUTAUQUA, Defendant, and GREGORY D. JOSEPHSON, Appellant.—Judgment and order reversed, with costs, plaintiff's motion denied and summary judgment granted defendant. Memorandum: Plaintiff brings this action pursuant to article 15 of the Real Property Actions and Proceedings Law to determine claims to real property conveyed to it in 1910. Defendant Josephson claims

title as a result of a 1977 tax deed from defendant county. Plaintiff contends that the sale, regular in all other respects, is void because it did not receive prior written notice as required by subdivision 4 of section 1002 of the Real Property Tax Law which provides that before publishing notice of the intended sale of tax parcels, the county treasurer shall "cause notice of such tax sale to be sent by first class mail to the name and address of the owner or occupant, as shown on the assessment roll, of each parcel to be sold." Concededly, such notice was not sent because the assessors did not know who owned the property. Special Term held that the assessors had a duty to "diligently inquire" into the identity of the owner, that their failure to determine the owner was unexcused, and that the want of personal notice to plaintiff made the sale jurisdictionally defective (see Real Property Tax Law, § 500). It granted plaintiff summary judgment vacating the sale. The real property in question is an unoccupied one-quarter acre parcel located on the shores of Cassadaga Lake. For several years it has been described by reference to tax maps as section 102 (Block 10, Lot No. 2) in the Town of Stockton, Chautauqua County. It is immediately south and adjacent to a much larger 20-acre parcel (section 102, Block 10, Lot No. 1) belonging to plaintiff Lily Dale Assembly, Inc. Plaintiff acquired both parcels by a single grant in 1910, the lot in question being described in a separate paragraph of the premises conveyed as described in the deed. The parties concede that up to this tax sale plaintiff was the owner of the land in question. For many years the assessors did not list on the tax rolls parcels whose owners were unknown and no taxes were levied against Lot No. 2. In 1974, for the first time, the property was listed "owner unknown." The taxes were not paid and in 1975 the county bought the lot. In 1977 it conveyed it to defendant. Plaintiff bid at the sale (although apparently unaware it held record title to the parcel) but was unsuccessful. The statutory duty of preparing the assessment rolls is placed upon the town and city assessors (Real Property Tax Law, § 500). They are charged with the responsibility of ascertaining by "diligent inquiry" all the real property in the district and the names of the owners thereof to the end that all property shall share the burden of the tax levy. Once identified, each parcel of property is placed upon the assessment roll with its assessment listed. The tax is levied against the real property itself, not the owner (Real Property Tax Law, § 304, subd 1). The land stands as security for the tax debt and upon default in payment collection is by proceedings in rem against the property. Since the tax is levied upon the property, it is the identification of the property on the roll that is important, not the name of the owner. Ownership is only one part of the identification and absent a description so imperfect that identification of the property with any degree of certainty is impossible, error or omission in identifying the owner does not invalidate the levy or enforcement proceedings (Real Property Tax Law, § 504, subd 4; *Matter of Doughty v Loomis,* 9 AD2d 574, affd 8 NY2d 722; *Crockford v Zecher,* 74 Misc 2d 1067, 1069, affd 45 AD2d 914; see, also, *People ex rel. Gale v Tax Comm. of City of N. Y.,* 17 AD2d 225, 227). Indeed, the statute provides that the property may be listed in the name of the owner, last owner, or reputed owner (Real Property Tax Law, § 502, subd 2) and identification may be made, as was done here, by reference to a tax map (Real Property Tax Law, § 502, subd 2). Notwithstanding these well-established rules, Special Term applied the "diligent inquiry" language of section 500 to the recently enacted provisions of subdivision 4 of section 1002 of the Real Property Tax Law and held the county's sale to defendant void for want of personal notice to plaintiff. No constitutional due process requirement mandates personal notice (see *Bal-*

*lard v Hunter,* 204 US 241, 254-255; *Botens v Aronauer,* 32 NY2d 243), and if there is such a requirement, it must be found in the statute itself. The simple answer is that subdivision 4 of section 1002 provides only that notice be sent to "the owner or occupant, *as shown on the assessment roll"* (emphasis added; see, also, Real Property Tax Law, § 1014, subd 3). In this case the roll listed the owner as "unknown" and the statute imposes no additional duty on the assessors to investigate or determine ownership. This case illustrates just how onerous any such an obligation would be. Inquiry of the properties bordering this vacant land would be unavailing. Plaintiff itself occupied the land adjacent and it was unaware of its ownership. Thus, the assessors would have had to search real property records for 65 years before the grant to plaintiff could be discovered. Plaintiff can hardly fault the tax assessor for not discovering the true owner of the property and failing to give personal written notice to it when plaintiff itself was unaware of ownership after holding title to it for 65 years and occupying it with underground utility lines part of that time. Defendant did not cross-move for summary judgment on its counterclaim but in the affidavits responding to plaintiff's motion, it requested summary judgment relief, and since no question of fact has been raised and no other irregularity in the tax proceedings is claimed, we grant its application (CPLR 3212, subd [b]; see *Wiseman v Knaus,* 24 AD2d 869). All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). Section 500 of the Real Property Tax Law imposes a duty to ascertain the rightful owner of real property within the county. While subdivision 4 of section 504 of the Real Property Tax Law excuses an error in listing the name on the tax assessment roll, it does not purport to nullify section 500. It is still the law in New York that strict compliance with the prerequisites for a tax sale is required because of the seriousness of divesting a person of his property (see *London v Hammel,* 27 NY2d 630; *Wiesniewski v Basinait,* 59 AD2d 1028; *Burden v Max-Mor Dev. Co.,* 53 AD2d 1047). The record is devoid of evidence that the county ever made any search to ascertain the proper owner. The rightful owner has always been ascertainable with diligent inquiry as the deed to Lily Dale was properly recorded in 1910. Accordingly, I would affirm for the reasons specified at Special Term, Chautauqua County, Ricotta, J. (Appeal from judgment and order of Chautauqua Supreme Court—Real Property Actions and Proceedings Law, art 15.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.