OPINION OF THE COURT
Simons, J.
This is an action to determine claims to real property (RPAPL 1501 et seq.). The property in dispute consists of six acres of land improved with bungalows, wells and a heating system. It is located within the boundaries of a 21-acre parcel owned by plaintiff which is similarly improved and used for religious purposes. Plaintiff purchased the 21-acre parcel from White Lake Sanruth Corporation in 1971. *421 The six-acre parcel was excepted from the property conveyed by the deed but plaintiff claims ownership of the disputed land by adverse possession.
Defendant Carnesi & Son, Inc., claims title to the same six acres by a deed from defendant County of Sullivan executed in 1977. The county in turn acquired ownership by deed from the county treasurer as the result of a tax sale for delinquent 1973 taxes. The county’s deed was recorded on October 12,1977, more than two years before this action was commenced and the action is barred by the provisions of subdivision 3 of section 1020 of the Real Property Tax Law[1] unless cancellation is warranted pursuant to one of the exceptions contained in the subdivision.
Trial Term found that one Frances Ettinger acquired record title to the six acres in 1930 and still held it, that plaintiff had not acquired ownership by adverse possession and that even if it had, it had failed to sustain its burden of proving the tax proceedings were irregular and subject to cancellation. The Appellate Division reversed. It found that plaintiff acquired ownership of the six acres by adverse possession and it held that the proceedings were constitutionally defective because the county had failed to assess the premises to the owner or occupant of the land and had failed to give personal notice to plaintiff of the tax sale. It held the original assessment and the tax sale void.
The provisions of the Real Property Tax Law have changed substantially since this sale in 1974, but under the law as it existed at the time, assessments were legally sufficient if the assessor assessed property in the “name of *422 the owner, last known owner or reputed owner” so long as the property was described sufficiently on the assessment roll to identify it (Real Property Tax Law, § 502, subd 2) and the roll was published as required by statute (Real Property Tax Law, § 506). The assessor was not required to give personal notice of the assessment to the owner because the correct name of the owner was not a primary concern. The assessment is against the property not the owner, and the obligation of the assessor is to correctly identify the property subject to tax. “Ownership is only one part of the identification and absent a description so imperfect that identification of the property with any degree of certainty is impossible, error or omission in identifying the owner does not invalidate the levy or enforcement proceedings (Real Property Tax Law, § 504, subd 4; Matter of Doughty v Loomis, 9 AD2d 574, affd 8 NY2d 722; Crockford v Zecher, 74 Misc 2d 1067, 1069, affd 45 AD2d 914; see, also, People ex rel. Gale v Tax Comm. of City of N. Y., 17 AD2d 225, 227)” (Lily Dale Assembly v County of Chautauqua, 72 AD2d 950, affd 52 NY2d 943, cert den 454 US 823).
Similarly, the statute provided for notice of an increase in assessment to the owner but a failure to mail or receive the notice did not prevent levy, collection, or enforcement of taxes (Real Property Tax Law, § 510). Nor did the statute require personal notice to the owner or occupant before or after a tax sale, except insofar as notice was required to shorten the period of redemption (Real Property Tax Law, § 1022, subd 2; § 1024, subd 2). The redemption period in this case expired in July, 1977, three years after the sale, and no further notice was required under the statute (Mabie v Fuller, 255 NY 194; Mosher v La Rose, 44 AD2d 878; Crockford v Zecher, 74 Misc 2d 1067, 1073, affd 45 AD2d 914). Moreover, we have held that there is no constitutional requirement that the owner receive personal notice of the tax sale or of expiration of the redemption period (Botens v Aronauer, 32 NY2d 243, app dsmd 414 US 1059; see, also, Ballard v Hunter, 204 US 241, 254-255; Lily Dale Assembly v County of Chautauqua, supra). Notification by publication is adequate.
These rules require reversal of the Appellate Division’s order. Subsequent to its decision, however, the Supreme *423 Court decided Mennonite Bd. of Missions v Adams (462 US _, 51 USLW 4872 [June 22, 1983]) in which it considered the notice due process requires and applied the principles of Mullane v Central Hanover Trust Co. (339 US 306) to tax sales. It remains to determine what affect that decision has on this action.
In Mullane v Central Hanover Trust Co. (339 US 306, supra), the Supreme Court stated that “[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (at p 314 [citations omitted]). Personal notice is always adequate, but it is not indispensable in all circumstances. Due process requires only that the notice be appropriate to the nature of the case without creating impossible or impractical obstacles to concluding the proceedings. A balancing process is involved, to measure the interests of the State against the individual interest sought to be protected. If notice is due, it must be such as one actually desiring to give notice would reasonably adopt to accomplish it. As to parties whose identity and address is known, notice by publication may not be sufficient. Those whose names or whereabouts are unknown and cannot be learned with due diligence or those whose interests are uncertain may be notified by publication even though it is reasonably certain that such notice will prove futile (at p 316).
Mullane involved notice to beneficiaries of a common trust fund but consistent with it the courts for many years have held that indirect notice is sufficient in tax proceedings (North Laramie Land Co. v Hoffman, 268 US 276; Ballard v Hunter, 204 US 241, 254-255, supra; Huling v Kaw Val. Ry., 130 US 559; Botens v Aronauer, 32 NY2d 243, supra; Lily Dale Assembly v County of Chautauqua, 72 AD2d 950, affd 52 NY2d 943, supra). Statutes taxing real property are universal and property owners are chargeable with knowledge that taxes will be levied against the property regularly and that a default may result in forfeiture of the land (cf. Schroeder v City of New York, 371 US 208).
*424 In Mennonite Bd. of Missions v Adams (462 US_, 51 USLW 4872, supra), the Supreme Court held that constitutional due process requires that a party possessing a substantial property interest which is affected and whose name and address are “readily ascertainable”, is entitled to notice “reasonably calculated to apprise him of a pending tax sale” (at p_, p 4874). The action involved a claim by a mortgagee whose rights had been extinguished by a tax sale. The court held that as to the mortgagee neither publication, posting nor mailed notice to the owner was sufficient because the mortgagee’s interest clearly appeared on the real property records. Unless the mortgagee was not reasonably identifiable, it held that constructive notice was insufficient to satisfy due process strictures.
Applying these principles to this action, we find no constitutional infirmity in the assessor’s actions.
Prior to 1919 these parcels were one and held in single ownership. In 1919, the larger 21-acre tract was encumbered by a purchase-money mortgage but for reasons which do not appear the six-acre parcel, subject of this litigation, was excepted from its terms. In 1935 the mortgage was foreclosed and the properties became separately owned. There were several subsequent conveyances but the 21-acre parcel was eventually acquired by White Lake Sanruth Corporation and the corporation conveyed it to plaintiff by a deed dated June 9, 1971 and recorded June 11, 1971. The deed to plaintiff expressly excepted the six-acre parcel from the description of the property conveyed and the exception was initialed by all parties to the conveyance.
Until 1973 the properties were assessed as one on the tax rolls but in that year the assessor listed them separately. Each was identified by the section, block and lot numbers of the tax map and by acreage. The large parcel was assessed to plaintiff (and after plaintiff’s application in 1972 it was exempt from taxes on religious grounds). The smaller parcel was assessed to White Lake Sanruth Corporation with the Brooklyn address of its principal listed on the rolls. It was not exempt. Presumably, the parcel was listed in the corporation’s name because the assessor believed the exception contained in the deed to plaintiff *425 indicated that the corporation had retained title to the six-acre parcel when in fact it had never been its owner of record.
The 1973 taxes were not paid and none have been paid since then. The property was advertised and sold to the county for delinquent 1973 taxes in July, 1974. After expiration of the three-year redemption period, in 1977, the county treasurer conveyed title to the county and it conveyed to defendant Carnesi & Son, Inc. Although the point is far from clear, we assume for purposes of this appeal that plaintiff has acquired ownership of the six-acre parcel by adverse possession.[2]
Plaintiff’s name did not appear as owner on either the real property records or the tax rolls and therefore the question is whether further inquiry was required before the assessor was excused from giving it personal notice of the tax sale. The Fourteenth Amendment, Mennonite Bd. of Missions (supra) holds, requires the assessor to give personal notice to all parties readily ascertainable who have a substantial interest in the property and the assessor is charged with knowledge of facts which an examination of the real property and tax records reveals. Our statute, not inconsistently, requires that the assessor shall ascertain by “diligent inquiry” all the property within the town and the “names of the owners thereof” (Real Property Tax Law, § 500).
The last recorded deed referring to this property revealed that 21 acres was conveyed to plaintiff by White Lake Sanruth Corporation and the landlocked parcel of six acres was excepted from the conveyance. The assessor was justified in accepting that transaction as evidence that *426 ownership of the six-acre parcel remained in the corporation. That inference was entirely consistent with the tax history of the property because both parcels had been assessed together to White Lake Sanruth Corporation before the 1971 conveyance and after the conveyance, the six-acre parcel remained on the rolls in the corporation’s name and the taxes were paid on it until 1973. Accordingly, the assessor mailed a personal notice of the sale to the corporation at its address as shown on the tax and real property records. That White Lake Sanruth Corporation did not in fact own the property is not determinative. The assessor was not required to make extraordinary efforts to discover the identity and whereabouts of the owner (see Mennonite Bd. of Missions v Adams, supra, at p_, n 4, at p 4874, n 4). Even if he had done so and discovered the deed to Ettinger 42 years earlier, he still would not be on notice of plaintiff’s claim of adverse possession to the six acres because nothing in the real property or tax records indicated it. Furthermore, to assume that further inquiry was required and would produce the name of the “true owner” suggests that the assessor was obliged to ignore the facts contained on plaintiff’s recorded deed which indicated that it was not the owner and did not have a property interest in the six acres.
Plaintiff claims that the assessor was not entitled to rely on this record information but should have given personal notice not only to the listed owner but also to the occupant of the lands. The statute requires that notice to redeem be given to the occupant but the failure to do so only operates to extend the period of redemption (see Real Property Tax Law, § 1022; Mabie v Fuller, 255 NY 194, supra). After three years, title is valid whether notice has been given to the occupant or not. Plaintiff’s constitutional contention assumes that the occupant has a property interest which is extinguished by the sale. It may or may not, depending upon the nature of its possession, but due process requires only notice to one who has a substantial interest in the property and is identifiable. There is no constitutional requirement of personal notice to an occupant simply because of the occupancy.
*427 The assessor’s procedures were consistent with the information available to him by examining the records and the notices met constitutional standards. Plaintiff’s claim to the disputed land was not “readily ascertainable” by “diligent search” of the real property records or the tax rolls and the substantiality of its ownership interest was open to conjecture and legally unresolved (the courts below did not agree on whether it had acquired ownership of the land). Conversely, plaintiff was chargeable with knowledge of the tax levies, it had actual notice that the corporation’s prior lands had been subdivided into six-acre and 21-acre parcels for tax purposes in 1972 and it had actual knowledge that it had obtained a tax exemption for religious reasons on the 21-acre parcel. Under the circumstances, we find no constitutional requirement of personal notice to it and since two years elapsed before the action was initiated, the tax deed is conclusive evidence that the tax sale and all proceedings were regular (Real Property Tax Law, § 1020, subd 3).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur.
Order reversed, with costs, and judgment of Supreme Court, Sullivan County, reinstated.

. Subdivision 3 of section 1020 of the Real Property Tax Law: “Every such conveyance shall be presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of the record of such conveyance such presumption shall be conclusive; provided, however, that any such conveyance shall be subject to cancellation by reason of (a) the prior payment of the taxes, the non-payment of which resulted in the sale, (b) the illegal levy thereof by the city or town or (c) any defect in the proceedings affecting jurisdiction upon constitutional grounds, if application is made to a court of competent jurisdiction within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be cancelled.”

. Plaintiff’s claim of title by adverse possession required tacking its possession of the land to that of its predecessors in title. Trial Term thought the adverse possession was interrupted by virtue of the deed. The general rule is that successive adverse possessions omitted from a deed description may be tacked if it appears that the adverse possessor intended to turn over possession of the disputed parcel with the land included in the deed (see Brand v Prince, 35 NY2d 634). The intent is unclear here because plaintiff and its predecessors apparently exercised unrestricted use of the land but its agent’s initials on the deed from White Lake Sanruth Corporation acknowledged exclusion of the six-acre parcel from the interests conveyed. Neither White Lake Sanruth Corporation nor Ettinger are parties to this action.