OPINION OF THE COURT
John G. Connor, J.
This motion was referred to Justice Connor by Justice Williams from Sullivan County Special Term, June 21, 1985, Calendar No. 53.
The parties renew cross motions for summary judgment as provided for in the decision of this court dated July 11, 1983 and the order entered thereon dated September 29, 1983. Generally, this issue is whether the notice of tax sale relative to property plaintiff claims ownership to was constitutionally adequate.
A review of the essential facts, which are undisputed, is required to judge the constitutionality of the notices in dispute. The property in question is approximately 18 acres of undeveloped land in the Town of Mamakating, Sullivan County, formerly owned by one Katheryn Rigney. The County apparently acquired the land through a tax sale for unpaid taxes assessed to Rigney.
In November 1974, the County, by its chairman of the Board of Supervisors, deeded the property to plaintiff. The deed was recorded December 16, 1974. At that time, the 1974-1975 school taxes due in September 1974 were unpaid. Property taxes for 1975 due January 1 of that year were assessed to Rigney despite the fact that plaintiff was already record holder of title. Plaintiffs deed, however, stated that he took *272 title subject to claims of the County or the State for unpaid taxes accrued as of September 1, 1974 and thereafter.
In short, the taxes were never paid for 1975 and the County commenced a tax sale proceeding pursuant to Real Property Tax Law, article 10, title 2. Real Property Tax Law § 1002 governs notice requirements for such sales. All published notices of the tax sale named Rigney as the owner and described the parcel by reference to its tax map identification number. Similarly, notice mailed pursuant to Real Property Tax Law § 1002 (4) was addressed to Rigney via certified mail.[1] The apparent reason for naming Rigney is that the County never changed the 1975 assessment rolls to reflect plaintiffs acquisition and, therefore, Rigney’s name was carried over when the assessment rolls became the 1975 tax rolls (see, Real Property Tax Law § 904 [1]).
At the tax sale on June 23, 1976, the County apparently reacquired the property for nonpayment of the 1975 taxes. Thereafter, plaintiff apparently was registered as the record owner of the property on the 1976 assessment rolls, presumably after an assessor’s inquiry as to such facts (see, Real Property Tax Law § 500 [1]). Plaintiff also appeared as owner on the 1976 tax rolls, and then again on the 1977 assessment rolls and subsequently on that year’s tax rolls.
In April 1977, the County caused to be published a notice of unredeemed lands regarding the property pursuant to the Real Property Tax Law § 1014. Again, the published notices and notice sent certified mail named Rigney as record owner.[2] On July 23, 1977, plaintiffs one-year right of redemption pursuant to Real Property Tax Law § 1010 expired.
On September 4, 1979, the County procured a tax deed from the Treasurer of Sullivan County transferring title to the property to the County as a result of the July 23, 1976-tax sale and expired right of redemption (see, Real Property Tax Law §§ 1008, 1018 [4]). That deed was recorded October 12, 1979. On December 10, 1979, the County deeded the property to defendant Mario Travaglini which deed was recorded October 5, 1981.
Prior to the September 4, 1979 deed to the County, the County sent notice to plaintiff at a Bronx, New York, address *273 indicating that property assessed to Rigney would be sold at public auction on September 1, 1979. This notice was sent via regular mail postmarked June 1, 1979 and again via certified mail postmarked July 23, 1979, both of which were returned undeliverable.[3] Plaintiff contends that he moved to Florida in 1978 but notified the County of his change of address.
Plaintiff commenced the present action pursuant to RPAPL article 15 to settle title to the property and nullify the County’s deed to Travaglini. Initially, there are two procedural issues raised which must be disposed of. First, defendants contend that the complaint is defective for failure to set forth facts required by RPAPL 1515. Specifically, defendants point out that the complaint failed to state: that the action was brought pursuant to that section (RPAPL 1515 [1]); that any facts as to whether any defendant was known, unknown, an infant, mentally retarded, mentally ill or an alcohol abuser (RPAPL 1515 [1] [c]); whether the judgment will or might affect a person not in being or unascertained (RPAPL 1515 [1] [d]). Since there is absolutely no indication that RPAPL 1515 (1) (c), (d) are applicable to the present case, nor that defendants were prejudiced by the failure to state the action was commenced pursuant to RPAPL 1515, the omissions, while technically improper, were not fatally defective (see, Miles v De Sapio, 96 AD2d 970, 971).
Second, defendants assert that this action is barred by the two-year Statute of Limitations of Real Property Tax Law § 1020 (3). As discussed in this court’s prior decision, the action is based upon a challenge to the constitutionality of the notice afforded plaintiff and, therefore, the five-year Statute of Limitations of Real Property Tax Law § 1020 (3) (c) applies. Clearly, the present action commenced in 1982 is within five years of the October 12, 1979 recording of the County’s September 4, 1979 deed from the tax sale on July 23, 1976.
One remaining preliminary point deserves mention before turning to the merits of the constitutional challenge. Defendants contend that there was an attempt to notify plaintiff at his last known address in Bronx, New York, in June and July of 1979. The affidavit of the Sullivan County *274 Attorney contends that this was a sufficient good-faith attempt to personally notify plaintiff. This argument is seemingly related to the County Attorney’s assertion that title passed to the County in 1979 upon the expiration of the three-year redemption period of Real Property Tax Law § 1022 (1). The argument is irrelevant. Real Property Tax Law § 1022 (1) provides for an extended redemption period in certain circumstances regarding occupied land. The land in question here is unoccupied and, therefore, governed by the redemption period of Real Property Tax Law § 1014. Correspondingly, any issue of fact presented by plaintiff’s assertion that he notified the County of a change of address in 1978 does not preclude summary judgment here since the constitutional challenge pertains to the notice given before the July 23, 1976 tax sale and before the expiration of the one-year redemption period pursuant to Real Property Tax Law § 1014.
Turning to the merits of the constitutional challenge, plaintiff argues that the principles enunciated by the United States Supreme Court in Mennonite Bd. of Missions v Adams (462 US 791) apply and require that this court find that the notices in the name of Rigney before the 1976 tax sale and before the 1977 expiration of the redemption period were constitutionally defective. Mennonite Bd. involved notice to a mortgagee of record and held that notice of a tax sale must be given to such an interested party where the identity of such a party is reasonably ascertainable from the public record (supra, at p 798).
The Appellate Division, Third Department, has recognized the applicability of Mennonite Bd. (supra) to notice requirements for landowners subject to tax sales (Tobia v Town of Rockland, 106 AD2d 827, 829). As observed by the Appellate Division "[t]he Court of Appeals has interpreted Mennonite Bd. as holding that due process requires personal notice to readily ascertainable parties in interest and that 'the assessor is charged with knowledge of facts which an examination of the real property and tax records reveals’ (Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 425).” The Appellate Division paraphrased the Supreme Court in Mennonite Bd. in stating that due process did not require "local taxing authorities * * * to undertake extraordinary efforts to discover the current whereabouts of a property owner whose actual address is not available through a search of the public records” (Tobia v Town of Rockland, supra, p 829).
*275 In the present case the court need not grapple with what constitutes such an extraordinary effort. The burden on the Sullivan County taxing authorities to ascertain plaintiff’s identity and address could not have been much lighter. Plaintiff’s deed was recorded less than a month before the 1975 taxes for which property was ultimately sold became due. Moreover, it was the County itself which deeded the property to plaintiff in November of 1974. The notice of the 1976 tax sale, and notice of the expiration of the redemption period in 1977, naming Rigney as owner and sent to her by mail were constitutionally defective for failure to afford plaintiff due process of law. Although the notice provisions of Real Property Tax Law §§ 1002 and 1014 have been upheld as constitutional (Botens v Aronauer, 32 NY2d 243), those provisions must be implemented in a manner reasonably expected to inform the owner (see, Tobia v Town of Rockland, 106 AD2d 827, 828-829, supra, citing Mullane v Central Hanover Trust Co., 339 US 306, and Mennonite Bd. of Missions v Adams, 462 US 791, supra).
Clearly, no reasonable person would expect plaintiff, a non-local resident, to be apprised of the tax sale of his property by a local publication naming a previous owner (from whom he did not receive title) and notice being sent to that previous owner.
Finally, plaintiff raises an issue that the description of the property in the notices containing a tax map number and Rigney’s name were constitutionally inadequate. Case law indicates that an improper owner’s name in the notice, so long as the property is described by a tax map number, is adequate (see, Lily Dale Assembly v County of Chautauqua, 72 AD2d 950, 951, affd 52 NY2d 943, cert denied sub nom. Lily Dale Assembly v Josephson, 454 US 823). In view of the foregoing discussion under the principles of Mennonite Bd. (supra) there appears to be no logical reason why any notice should not contain the proper owner’s name if the same is reasonably ascertainable. Therefore, in the circumstances of this case, the notices identifying Rigney as the owner were constitutionally defective despite having an adequate description of the property by its tax map number.
Plaintiff’s motion for summary judgment is granted and the tax sale held by Sullivan County July 23, 1976 is hereby annulled and any subsequent deed is declared void.

. The court notes that notice via first class mail is all that is required now (L 1976, ch 355). Previously, notice by mail had to be by certified mail (L 1975, ch 611). The change is of no consequence to this case.

. See preceding footnote.

. The court assumes, on the County Attorney’s affidavit, that the subsequent notice via certified mail duplicated or was essentially the same as the prior notice on June 1, 1979, although the actual contents of the envelope are unknown as it has not been opened. Since the contents of the attempted notice are irrelevant for reasons stated infra, the absence of such proof is inconsequential.