OPINION OF THE COURT
Irving S. Aronin, J.
Plaintiff is a former owner of realty that had been the subject of an in rem tax foreclosure proceeding instituted by the city, which resulted in the city’s acquiring title to the property because of plaintiff’s nonpayment of realty taxes for over BYi years. Forest View Homes, Inc. (Forest) is the present owner of the property. Plaintiff moves to amend his complaint to plead unconstitutionality of that part of the statutes that additionally provide for the service upon a defaulting owner of a notice of foreclosure by ordinary mail and to be permitted to add Forest as a party in order to cancel its title ownership and restore the property to plaintiff. The city moves for an order dismissing plaintiffs complaint for lack of merit and also on the ground of res judicata.
This department has adopted the rule of the First Department in stating in Sharapata v Town of Islip (82 AD2d 350, 362, affd 56 NY2d 332), "Concededly the practice of refusing to pass upon the merits of proposed amended pleadings is rooted in precedent. However, in a case such as this one, such practice of avoidance may represent a procedure no longer tolerable. The First Department succinctly (and we believe *1040 accurately) stated its position * * * 'The day when motion practice would be allowed to proliferate through avoiding [to come] to grips with the substantial question is past. We can no longer afford the time or judicial manpower for the repeated applications for the same relief which necessarily result from postponing decision’ ”.
Within the guidelines of Sharapata (supra) and East Asiatic Co. v Corash (34 AD2d 432, 434 [1st Dept]), this court reviewed plaintiff’s proposed amended complaint and determines that it lacks merit.
Plaintiff, to support and sustain his proposed amended complaint, urges this court to extend the holding in Mennonite Bd. of Missions v Adams (462 US 791) and to declare that a city does not obtain proper jurisdiction over "owners, mortgagees, lienors or encumbrancers” in an in rem tax foreclosure proceeding by advertising plus the mailing of "a copy of the notice [of foreclosure that is] to be mailed [by ordinary mail]” (Administrative Code of City of New York § D17-6.0 [c]) to such persons having an interest in the realty being foreclosed. Inherent in such a declaration is the pronouncement by this court that Administrative Code § D17-6.0 (c) is unconstitutional and as a consequence thereof Administrative Code § D17-11.0 entitled "Presumption of validity” is also unconstitutional.
Plaintiff astutely omits from the Mennonite Bd. of Missions (supra) holding the court’s clear restatement of the settled rule that service by advertising alone does not constitute constitutionally adequate notice of pending tax sale. Plaintiff, Mennonite Board of Missions, was a mortgagee with a substantial interest in the property. It was not given any mail notice of the proceeding to destroy its valuable interest in the realty. The owner alone was given a mailed notice, but such notice to the owner did not constitute notice to the mortgagee. The fact that under Elkhart County, Indiana, law the notice to the owner must be by certified mail is only incidental but not determinative of due process. This fact becomes obvious from the court’s emphasis and reliance upon Mullane v Central Hanover Trust Co. (339 US 306) and Nelson v New York City (352 US 103).
In the Mullane case (supra) the court particularly differentiated between service by publication alone as being sufficient upon "persons missing or unknown” or "to those beneficiaries whose interests are either conjectural or future” (339 US, at p *1041 317) and publication service "Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency * * * at least by ordinary mail” (339 US, at p 318; emphasis added). Thus, the rationale of the Mullane decision affirms the due process of a service by publication plus a mailing by ordinary mail to a known residence or, as in the instant case, to the interested party’s designated address.
Similarly, and of greater significance, is the Nelson v New York City case (supra), cited with approval by the Mennonite Bd. of Missions court (supra), because the constitutionality of Administrative Code §§ D17-5.0, D17-6.0, and D17.12.0 were involved (see, 352 US, at p 105, nn 3, 4, at p 109, n 8, at p 110, n 10) and were sustained.
Further examination of the Mennonite Bd. of Missions case (supra) reveals that the court repeatedly cited the Mullane case (supra) with approval, and after its reference, with approval of the Nelson v New York City case (352 US 103, supra) immediately following; in fact, in the very next paragraph stated "Personal service or mailed notice is required” (462 US, at p 799). Thus, in the context of the court’s citation of Nelson v New York City, the omission of the words "certified mail” can only mean that the court intended to also approve "ordinary mail”.
Plaintiff, to further buttress his contention that more than ordinary mail notice is required, urges upon this court the decision of the Court of Appeals in Congregation Yetev Lev D’Satmar v County of Sullivan (59 NY2d 418) rendered shortly after the Mennonite Bd. of Missions (supra) case. Again, plaintiff misconstrues the holding of the Court of Appeals. Nowhere in the Court of Appeals decision does it deal with notice by ordinary mail. In fact, the court cites the Mullane case (supra) with approval.
This court holds that Administrative Code § D17-6.0 (c) and § D17-11.0 are constitutional; that proper service was made upon plaintiff and that the court had jurisdiction over plaintiff to render an in rem judgment of foreclosure against plaintiff.
If there were any doubts as to the constitutionality of said statutes, none of which were entertained by this court, nevertheless, "guided by the familiar principle that 'it is only as a last resort’ that courts strike down legislative enactments on the ground of unconstitutionality * * * Applying these princi *1042 pies to this record”, this court sustains the statutes "as reasonable” (Wiggins v Town of Somers, 4 NY2d 215, 219).
Accordingly, plaintiffs motion is in all respects denied and defendant’s cross motion to dismiss the complaint is in all respects granted.
In view of the foregoing, this court considers defendant’s further ground for dismissal of plaintiffs complaint under the doctrine of res judicata to be moot.