OPINION OF THE COURT
Titone, J.
The question presented is whether a real property tax scheme which requires notice to a taxpayer of taxes due, notice of delinquent taxes, notice of a tax lien sale, a tax sale without competitive bidding, a redemption period and notice of the impending expiration of the redemption period before the resale of the property at public auction and retention of any surplus by the county, deprives a taxpayer of property without due process of law or constitutes a taking without just compensation. We hold that it does not.
I
A
In Sheehan v County of Suffolk, the named plaintiffs are *57 former resident owners of real property in Suffolk County. It is undisputed that both plaintiffs failed to pay real property taxes due. Pursuant to Suffolk County Tax Act (SCTA) § 26 (2) (L 1920, ch 311, as amended), the county mailed the following notice to each plaintiff: "The records of this office indicate that you have neglected to pay the taxes levied against real property assessed to you for the current tax year. You are hereby notified that pursuant to the law the tax rolls have been returned to the county treasurer and that unless the unpaid taxes, plus interest and penalties, are paid prior to the publication of the tax sale lists which will occur soon after September 1st next, the tax lien against your real property will be advertised for sale in the following newspapers designated to publish tax sale lists this year to wit: [names of newspapers] and such tax lien will be sold pursuant to such advertisement. For further information you must communicate with the county treasurer at Riverhead, New York, giving him your name and address and a brief description of your real property including map and lot number”. Subsequently, Suffolk County purchased the tax liens at a sale at which it was the only bidder allowed (Suffolk County Legislature Resolution No. 829-1971).
At least three months prior to the end of the 36-month redemption period, a notice of unredeemed real estate was both published (SCTA § 52) and mailed to the plaintiffs (Real Property Tax Law § 1014). After the redemption period expired, the county automatically obtained deeds to the properties from the county treasurer. Following the conveyance of the deeds, the taxpayers were allowed nine additional months within which to redeem the properties. Neither taxpayer made any timely effort to redeem. Several years later, the county sold the properties at public auctions and retained the substantial differences between the lien amounts and the sale prices.
Plaintiffs then commenced this action for a determination of claims to the real property and for a judgment declaring the County’s tax scheme unconstitutional. Special Term dismissed the complaint upon cross motions for summary judgment. Plaintiffs appeal directly to this court, pursuant to CPLR 5601 (b) (2), challenging only the constitutionality of the statutory scheme, having waived all other nonconstitutional claims (Cohen and Karger, Powers of the New York Court of Appeals § 58, at 262-263 [rev ed]).
*58 B.
In MacKechnie v County of Sullivan each of the named plaintiffs failed to pay real property taxes after each received notice by mail of the tax obligation (Real Property Tax Law § 922). Proper advance notice of an impending tax sale was given (Real Property Tax Law § 1002). Pursuant to Real Property Tax Law § 1008 (3) and resolutions passed by the defendant counties, the counties purchased the properties at tax sales without competitive bidding.
The plaintiffs were permitted to redeem their properties during a three-year period (Real Property Tax Law §§ 1010, 1022, 1024). Within six months of the expiration of the redemption period, each plaintiff received notice by mail of the upcoming expiration. None of the plaintiffs redeemed. The counties took deeds to the properties pursuant to Real Property Tax Law § 1018.
The counties sold most of the properties at public auctions and retained the proceeds in excess of the taxes and penalties due. Orange County still retains the deed to one property upon which it refuses to allow redemption.
Plaintiffs’ action for a judgment declaring the statutory tax scheme unconstitutional, for damages and for injunctive relief was dismissed by Special Term for failure to state a cause of action. They have taken a direct appeal from the judgment to this court (CPLR 5601 [b] [2]).
II
Plaintiffs urge that the counties’ failure to inform them that the tax liens would not be sold at a competitive bidding and that they would not receive any surplus from the ultimate public auctions of the properties violated the due process clauses of the State and Federal Constitutions. They also contend that permitting the counties to purchase tax liens without competitive bidding and then ultimately to sell the properties without turning over the surplus to the owners amounts to a taking without just compensation. We disagree, and affirm both judgments.
Analysis should begin with the well-settled proposition that an owner of property is charged with knowledge of statutory provisions affecting the control or disposition of his or her property (Texaco, Inc. v Short, 454 US 516, 531; Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 423). *59 So viewed, it was the plaintiffs’ failure to inform themselves of the relevant competitive bidding and forfeiture statutes that worked the arguably harsh consequences, not the statutory provisions (United States v Locke, 471 US 84, —, 105 S Ct 1785, 1799).
Due process does not require that every taxpayer be advised of the possible consequences attaching to a default in payment (United States v Locke, supra; Texaco, Inc. v Short, supra; North Laramie Land Co. v Hoffman, 268 US 276; Congregation Yetev Lev D’Satmar v County of Sullivan, supra; Lily Dale Assembly v County of Chautauqua, 52 NY2d 943, affg 72 AD2d 950, cert denied 454 US 823). Once taxpayers are provided with notice and an opportunity to be heard on the adjudicative facts concerning the valuation of properties subject to tax, as was done here, they have received all the process that is due (Mennonite Bd. of Missions v Adams, 462 US 791, 798-800; Mullane v Central Hanover Trust Co., 339 US 306; Botens v Aronauer, 32 NY2d 243, appeal dismissed 414 US 1059; 3 Davis, Administrative Law § 15:9 [2d ed 1980]). At this juncture, summary remedies for the collection of taxes may be invoked (Botens v Aronauer, supra).
There is no unfairness, much less a deprivation of due process, in the county’s retention of any surplus. The taxpayers in each of the statutory schemes under review are given a three-year period of redemption. During this period, plaintiffs had the opportunity to either pay the taxes and penalties due or sell the property subject to the lien and retain the surplus. This redemption period affords the taxpayer an opportunity to avoid a full forfeiture (see, Chapman v Zobelein, 237 US 135). Statutes which allow a State to retain the excess collected upon the public sale of property have been sustained where they provide for a lengthy redemption period (Chapman v Zobelein, supra; Turner v New York, 168 US 90, 94; Balthazar v Mari Ltd., 301 F Supp 103, affd 396 US 114).
A three-year redemption period, as set forth in the challenged statutes, gives sufficient opportunity for a taxpayer to reclaim the property. It is not unjust for a legislative body to declare that once a taxpayer has abandoned rights in property after such a period has expired, the taxing authority may take a deed in fee. At that point, the former owner can no longer claim any just compensation upon its resale (Texaco, Inc. v Short, 454 US 516, 530, supra). Full forfeiture has already occurred upon the taxpayer’s failure to redeem the property before it has been resold.
*60 There is no constitutional prohibition against such a full forfeiture (Balthazar v Mari Ltd., 301 F Supp 103, affd 396 US 114, supra; see also, Nelson v City of New York, 352 US 103; Chapman v Zobelein, supra). United States v Lawton (110 US 146) did not hold to the contrary. In Lawton, the Federal statute under which the property was sold required return of any surplus. Obviously, in the face of such a statute, payment of any excess to the former owner was required and Nelson v City of New York (supra, at pp 109-110) expressly distinguished Lawton on that basis.
Finally, there is no constitutional requirement that tax liens be sold only through competitive bidding (Saranac Land & Timber Co. v Comptroller of N. Y., 177 US 318, 326-328). Finding abuses engaged in by land speculators, the State Legislature has permitted localities to restrict tax lien sales to governmental bodies (see, Matter of Elinor Homes Co. v St. Lawrence, 113 AD2d 25). The localities here exercised that option, and we cannot say that in doing so they have engaged in impermissible objectives or have deprived the plaintiffs of any constitutionally protected rights.
Accordingly, the judgments of the Supreme Court in Sheehan v County of Suffolk and MacKechnie v County of Sullivan, dismissing plaintiffs’ actions should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur.
In each case: Judgment affirmed, with costs.