Josephine WEIGNER, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

No. CV–86–3602.

United States District Court,
E.D. New York.

July 31, 1987.

Edward J. Ledogar, West Islip, N.Y., for plaintiff.

Peter L. Zimroth, Corp. Counsel of City of New York, New York City (Susan M. Shapiro, Asst. Corp. Counsel, and Angelo Aiosa, of counsel), for defendant.

## TRANSCRIPT OF MOTION FOR SUMMARY JUDGMENT

BRAMWELL, District Judge.

Plaintiff commenced this action against the City of New York alleging violation of her constitutional rights and other improprieties in connection with the City's tax foreclosure action against plaintiff's property in Jamaica, Queens, and the City's subsequent denial of plaintiff's application for release of the City's interest in the property. This morning, defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in their favor. For the reasons that follow, the motion is granted.

The undisputed material facts may be summarized as follows:

On October 1, 1981, the City commenced an *in rem* tax foreclosure action against all real property in Queens that was tax delinquent for one year or more. Among the 5229 tax delinquent parcels, in that foreclosure action were 14 vacant parcels owned by plaintiff, 13 of which had been tax delinquent since 1977, and the remaining one since 1980. Plaintiff, a resident of Florida, had owned the lots since at least 1962. At the time, the total tax delinquency for all 14 parcels was approximately $31,000.

Notices of commencement of the tax foreclosure action were mailed by ordinary mail and received by plaintiff with respect to 13 of the parcels, but not with respect to the fourteenth. On March 6, 1984, a judgment of foreclosure was signed by Justice Cooperman of Queens County Supreme Court and the City took title to all parcels therein, including plaintiff's 14 parcels, pursuant to a deed duly recorded on March 15, 1984. In the 2½ years during which the foreclosure proceeding was pending, plaintiff took no steps to avoid foreclosure or redeem the parcels by paying her delinquent taxes.

On March 13, 1986, just short of two years after the City recorded its deed, plaintiff filed an application pursuant to the Administrative Code of the City of New York for release of the City's interest in each of her 14 parcels. Because the parcels were vacant and deemed suitable for a housing program, the Division of Real Property of the New York City Department of General Services (DRP) concluded that the Board of Estimate should deny plaintiff's release applications.

On or about June 19, 1986, officials of DRP informed plaintiff's attorney that DRP intended to recommend that the Board of Estimate deny plaintiff's applications for release because plaintiff was "not making a strong enough case for redemption." The DRP officials advised plaintiff's counsel to submit additional arguments and documentation in support of plaintiff's application.

On September 25, 1986, after hearing a brief presentation from plaintiff's attorney and a brief presentation from a representative of DRP, the Board of Estimate, through its member's respective representatives, and in accordance with DRP's recommendation, unanimously adopted a resolution denying plaintiff's application for release, finding that release of the City's

interest in the parcels would not be in the City's best interests. Plaintiff thereafter commenced this case on October 23, 1986.

The fair market value of the property at issue is estimated by the parties to be anywhere between $151,000 and $325,000.

■ Under section 11–424 of the Administrative Code of the City of New York, any party who had an interest in property acquired by the City through a tax foreclosure may file an application for release of the City's interest at any time within two years following the recording of the deed in the City's name. If such an application is made within the first four months of the two-year period, the application must be granted once the Corporation Counsel approves the application as to form, timeliness, and eligibility. Any application filed during the balance of the two-year period may be approved by the New York City Board of Estimate in the exercise of its discretion. *See generally In re Tax Foreclosure # 35*, 127 A.D.2d 220, 514 N.Y.S.2d 390 (App.Div. 2d Dept.1987); *Solomon v. NYC Dept. of General Services*, 94 A.D.2d 283, 464 N.Y.S.2d 160 (1st Dept.1983). Thus, New York courts have held that the discretion of the Board of Estimate, when reviewing applications filed after the first four months of the two-year period, is virtually absolute, or at least limited only by the Board's own judgment and conscience.

■ In the present case, plaintiff filed her application for release only two days before the two-year period was to expire. Hence, her application was left solely to the discretion of the Board of Estimate. Given that plaintiff had a substantial tax delinquency and that the DRP recommended denial of the application on the basis that the vacant property could be used for a housing program, the Board acted rationally and well within its discretion in denying the application as not being in the best interests of the City. Moreover, plaintiff has produced insufficient evidence as a matter of law to support her contention that the application was denied due to her attorney's refusal to pay illegal consideration, or bribes, to DRP personnel. Plaintiff's sole evidence that bribes were solicited is that the DRP officials told her attorney that DRP would recommend denial of the application unless plaintiff could present "a stronger case." Standing alone, these words could not permit a reasonable jury to find that plaintiff's application was denied for failure to pay a bribe.

Because the City acted in accordance with the law and within its discretion, plaintiff's claims are meritless to the extent they allege a failure to conform to its own statutory procedures and general unfairness and injustice.

■ The remainder of plaintiff's complaint asserts violations of plaintiff's rights to procedural due process and equal protection of the laws. The equal protection claim requires little discussion. Plaintiff has presented not a scintilla of evidence to support her conclusory allegation that her application was denied due to her residency in Florida. Although the City appears to concede that absentee landowners might be looked upon less favorably than landowners who lived on the foreclosed property, that distinction is a reasonable one, and in no way indicates that out-of-state absentees were treated any differently than in-state absentees. In short, there is no evidence in the record thus far presented from which a reasonable factfinder could conclude that plaintiff was discriminated against on the basis of her Florida residency.

Finally, plaintiff's procedural due process claim presents a closer question. Although plaintiff asserts that she was denied an adequate hearing on her application for release, it is clear that she had an ample opportunity to present her case both orally and in writing. On the issue of adequacy of notice, plaintiff does not dispute that she received actual notice by mail of the commencement of the tax foreclosure action with respect to 13 of her 14 parcels, but even the City concedes that no actual notice was given or received with respect to the 14th parcel. Plaintiff further argues that due process required that she be notified of the recording of the deed in the City's name, and of her rights to file an application for release under the Admin-

istrative Code, and specifically of her right to apply for mandatory release within the first four months after the deed was recorded.

■ Because plaintiff does not dispute that she in fact received actual notice by mail of the tax foreclosure proceeding with respect to 13 of her parcels, her due process claim is meritless with respect to these parcels. Actual notice of the commencement of the proceeding is all due process required. To the extent plaintiff's due process claim challenges the foreclosure itself, the notice by mail clearly satisfied due process, and, in any event, as will be discussed below with respect to parcel 14, the claim would be time-barred. To the extent that the due process claim challenges the City's notice and procedure after recording its deed, the claim must also fail. Since under New York law a property owner "is charged with knowledge of statutory provisions affecting the control or disposition of her property," *see, e.g., Sheehan v. Suffolk County*, 67 N.Y.2d 52, 58, 499 N.Y.S.2d 656, 490 N.E.2d 523 (1986), and since plaintiff took no action to protect her rights during the foreclosure proceedings, due process did not require any further notice of the recording of the deed or of plaintiff's statutory right to apply for a release. Moreover, it has been held that one's right to apply for release of the City's interest in property is a product of legislative grace, rather than a property right triggering procedural due process protections. *Lewis v. Schwartz*, 119 A.D.2d 32, 506 N.Y.S.2d 32 (1st Dept.1986). In any event, the notice plaintiff did receive, advising her of the commencement of the foreclosure action, in fact refers to her rights under the then-controlling provisions of the City Administrative Code governing applications for release after foreclosure, and warns that plaintiff would otherwise be "forever barred and foreclosed of all [her] rights." Thus, with respect to the 13 parcels for which plaintiff does not dispute receiving actual notice by mail of commencement of the foreclosure proceedings, there was no violation of due process.

■ Turning to the 14th parcel, concerning which even the City concedes plaintiff did not receive actual notice of the foreclosure proceedings, the Court agrees with the City that plaintiff's due process claim, to the extent it challenges the foreclosure action itself, is barred by the two-year statute of limitations contained in section 11–412 of the City Administrative Code. Section 11–412 creates a presumption that the tax foreclosure action and all proceedings therein and prior thereto, from and including the assessment of all lands affected and all notices required by law, were regular and in accordance with the law. The presumption becomes conclusive two years after the date of the recording of the deed, thereby effectively operating as a two-year statute of limitations. Under New York case law, the only exception to this two-year statute of limitations is where the tax foreclosure proceeding is itself void, or a nullity, for example where the taxes had in fact already been paid, or been improperly levied, or been erroneously assessed, when the proceeding was commenced. *See, e.g., Cameron Estates v. Deering*, 308 N.Y. 24, 123 N.E.2d 621 (1954); *Carolan v. Fieber*, 6 Misc.2d 229, 163 N.Y.S.2d 830 (Sup.Ct. Queens County 1957), *aff'd*, 7 N.Y.2d 916, 197 N.Y.S.2d 481, 165 N.E.2d 428 (1960). Other defects in the foreclosure proceedings, including deficient notice and other constitutional and jurisdictional defects, render the proceeding only "voidable," and do not affect the two-year statute of limitations. *See, e.g., In Rem Tax Foreclosure # 29*, 115 Misc.2d 663, 454 N.Y.S.2d 919 (Sup.Ct.N.Y. County 1982); *Doud v. Huntington Hebrew Congregation*, 178 A.D. 748, 165 N.Y.S. 908 (2nd Dept.1917).

In the present case, the complaint was filed more than two years after the deed was recorded in the City's name. Thus, because plaintiff admits that she was delinquent on her taxes, and does not otherwise contest the underlying tax assessment, she is barred by the two-year statute of limitations from challenging the City's foreclosure against the 14th parcel. To the extent plaintiff's due process claim challenges the City's denial of her application to release the City's interest in the 14th

parcel, or the notice and hearing she received in connection therewith, the claim is meritless for most of the reasons stated above in connection with the other 13 parcels.

Based on the foregoing analysis, therefore, the City's motion for summary judgment is GRANTED, and the Clerk of the Court is instructed to enter an order of dismissal in this case.