Global Liberty Ins. Co. v New Century Acupuncture, P.C. (2018 NY Slip Op 03444)





Global Liberty Ins. Co. v New Century Acupuncture, P.C.


2018 NY Slip Op 03444


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6521N 22585/17

[*1] Global Liberty Insurance Company, Plaintiff-Appellant,
v
New Century Acupuncture, P.C., Defendant-Respondent, Heather Davis, et al. Defendants.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn (Stefan Belinfanti of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered December 8, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment seeking a declaration of non-coverage for no-fault benefits as against defendant New Century Acupuncture, P.C., as assignor of defendant Heather Davis, unanimously affirmed, without costs.
Plaintiff seeks a declaration of non-coverage based on the failure of defendant Davis, the injured claimant, to appear for two scheduled independent medical examinations (IMEs), which is a condition precedent to coverage (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011]; 11 NYCRR § 65—1.1[d]). Plaintiff sent an initial IME scheduling letter, and a re-scheduling letter, to both Davis and her attorney. After Davis failed to appear for the re-scheduled IME, plaintiff sent a third letter to the attorney, which indicated on its face that a copy had been sent to Davis. However, it is undisputed that the letter to Davis was sent to the wrong address. Thus, there was no reason for the attorney to know that Davis had not received notice of the re-scheduled IME and to tell her of the new IME date and location. Under these circumstances, the motion court properly found that plaintiff failed to demonstrate that it provided adequate notice, reasonably calculated to apprise Davis that her appearance at an IME at a specified date and location was required (see generally Congregation Yetev Lev D'Satmar v County of Sullivan, 59 NY2d 418, 423 [1983]; cf. American Tr. Ins. Co. v Marte-Rosario, 111 AD3d 442 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK